(No. 69189.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBIN WAYNE OWENS, Appellant.

*Opinion filed November 30, 1990.*

Charles M. Schiedel, Deputy Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen, Assistant Attorney General, of Chicago, of counsel), for the People.

JUSTICE WARD delivered the opinion of the court:

The petitioner, Robin Wayne Owens, appeals from an order dismissing his amended petition for post-conviction relief (107 Ill. 2d R. 651(a)). Owens was convicted of armed robbery and murder in the circuit court of Will County and was sentenced to death. The convictions and sentence were affirmed on direct appeal to this court. (*People v. Owens* (1984), 102 Ill. 2d 88.) (The petitioner had been previously convicted of an unrelated murder and armed robbery in Kankakee County and sentenced to death.)

The petitioner, through retained counsel, filed a petition for post-conviction relief on August 2, 1985. The petitioner's retained counsel was subsequently given leave to withdraw and the Will County public defender was appointed to represent the petitioner in the post-conviction proceedings.

The petitioner's appointed counsel filed an amended petition for post-conviction relief. The amended petition alleged, *inter alia*, that the petitioner's trial counsel was ineffective in failing to move for a hearing to determine the petitioner's fitness to stand trial, failing to seek a hearing to determine the petitioner's fitness to be sentenced and failing to present evidence of the petitioner's alleged mental retardation in mitigation at the sentencing hearing.

The petitioner's counsel also filed a motion to obtain the petitioner's medical and psychiatric records from the Illinois Department of Corrections. The motion alleged that a question existed as to the petitioner's competence to assist in the post-conviction proceedings. The circuit court granted the motion.

Subsequently, petitioner's counsel filed a motion pursuant to section 104—13 of the Code of Criminal Procedure of 1963 and section 5—2—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, pars. 104—13, 1005—2—3), seeking appointment of an expert to examine the petitioner to determine his fitness to assist counsel in post-conviction proceedings and his fitness to be executed. The motion alleged that the petitioner's counsel had received reports from the Department of Corrections detailing the petitioner's bizarre behavior and treatment with anti-psychotic medication. The motion also alleged that counsel attempted to interview the petitioner at the Will County jail on November 14, 1988, but that the petitioner was unable to assist his counsel and

frequently injected irrelevant, frivolous and often unintelligible matters into the discussion.

The trial court denied the petitioner's motion for a fitness hearing, holding that a hearing to determine fitness to assist counsel is not required in post-conviction proceedings, and that a hearing to determine fitness to be executed was premature since no execution date was set. The trial court also denied the State's motion to dismiss the amended post-conviction petition and set the matter for an evidentiary hearing.

At the evidentiary hearing on the post-conviction petition, the petitioner testified on his own behalf. The petitioner's trial counsel also testified. At the conclusion of the hearing, the trial court denied the petitioner's claim for post-conviction relief. The petitioner appealed to this court (107 Ill. 2d R. 651(a)).

The petitioner first claims that the circuit court erred in failing to hold a fitness hearing to determine whether he could meaningfully communicate with and assist his post-conviction counsel. As stated, the petitioner sought the appointment of an expert to determine his fitness under sections 104—13 and 5—2—3. Nothing in those sections requires or permits a hearing to determine whether a petitioner is fit to assist counsel in post-conviction proceedings. Section 104—13 authorizes courts to hold a fitness hearing when a *bona fide* doubt is raised as to a defendant's fitness to stand trial, plead or be sentenced. (Ill. Rev. Stat. 1989, ch. 38, pars. 104—10, 104—13.) A defendant is presumed to be fit and a court may find the defendant unfit only if it concludes that the defendant, because of a mental or physical condition, is unable to understand the nature and purpose of the proceedings against him or to assist in his defense. (Ill. Rev. Stat. 1989, ch. 38, par. 104—10.) Section 5—2—3 of the Unified Code authorizes a court to hold a hearing to determine whether a defendant is fit to be executed. A

defendant is considered unfit to be executed only if, because of a mental condition, he is unable to understand the nature and purpose of such sentence. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—2—3.) The question of a defendant's fitness to be executed may be raised only by filing a motion in the sentencing court.

The Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*) likewise does not authorize a court to conduct an evidentiary hearing to determine whether a post-conviction petitioner is mentally fit to assist post-conviction counsel. The petitioner argues, however, that the Post-Conviction Hearing Act does provide for the appointment of counsel to indigent petitioners in post-conviction proceedings. (Ill. Rev. Stat. 1987, ch. 38, par. 122—4.) He argues that a petitioner must be able to meaningfully consult with such appointed counsel and that a petitioner who is mentally incompetent cannot engage in such meaningful consultation with counsel. He claims that competence to meaningfully consult with post-conviction counsel is required by Supreme Court Rule 651(c) and is necessary to satisfy the eighth amendment and the due process clause.

We first consider the petitioner's statutory claim. The Post-Conviction Hearing Act provides for the appointment of counsel to indigent petitioners in post-conviction proceedings, if the original petition is determined to be nonfrivolous. (Ill. Rev. Stat. 1987, ch. 38, par. 122—4.) The Act provides for the assistance of counsel because the legislature anticipated that most of the petitions under the Act would be filed *pro se* by prisoners who did not have the aid of counsel in their preparation. To ensure that the complaints of a prisoner might be adequately presented, the statute contemplates that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the

proceedings at the trial and then amend the *pro se* petition so that it would adequately present the prisoner's constitutional contentions. The Act cannot serve its purpose properly unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court. *People v. Slaughter* (1968), 39 Ill. 2d 278, 285.

To that end, Supreme Court Rule 651(c) (107 Ill. 2d R. 651(c)), which governs appeals from post-conviction proceedings, requires that the record on appeal disclose that appointed counsel in the trial court took the steps necessary to assure adequate representation of the petitioner's claims. Specifically, Rule 651(c) requires the record to disclose that appointed counsel at the trial level in a post-conviction proceeding: (1) consulted with the petitioner to ascertain his contention of deprivations of constitutional rights, (2) examined the record of the proceeding at trial, and (3) made any amendments to the *pro se* petition necessary for an adequate presentation of the petitioner's claims. 107 Ill. 2d R. 651(c).

Section 122—4 of the Code of Criminal Procedure (Ill. Rev. Stat. 1987, ch. 38, par. 122—4) and Supreme Court Rule 651 together ensure that post-conviction petitioners in this State receive a reasonable level of assistance by counsel in post-conviction proceedings. These provisions contemplate that counsel appointed to represent indigent post-conviction petitioners will consult with the petitioner to ascertain the basis of his complaints. Our court has held that Rule 651(c) is not satisfied where counsel does not confer or communicate with the petitioner to ascertain his contentions of constitutional deprivations. (See *People v. Wales* (1970), 46 Ill. 2d 79; *People v. Garrison* (1969), 43 Ill. 2d 121; *People v. Seidler* (1974), 18 Ill. App. 3d 705.) We likewise must conclude that the rule is not satisfied where appointed counsel cannot de-

termine whether a post-conviction petitioner has any viable claims, because the petitioner's mental disease or defect renders him incapable of communicating in a rational manner. In either circumstance, "the appointment of an attorney is but an empty formality." *People v. Garrison* (1969), 43 Ill. 2d 121, 123.

The State concedes that a post-conviction petitioner who is mentally unfit to communicate with his counsel could reduce his counsel's effectiveness and preclude counsel from raising all viable claims in the petition for post-conviction relief. In addition, both the State and the petitioner agree that the court must determine whether the petitioner's mental condition so interferes with his counsel's effectiveness as to render a hearing on the post-conviction petition fundamentally unfair. They disagree, however, as to the appropriate time for making such a determination in this case.

The State argues that such a determination should be made when the petitioner attempts to file a second post-conviction petition. The State contends that, if the petitioner demonstrates that his mental condition so interfered with his counsel's effectiveness as to have rendered the hearing on the first petition fundamentally unfair, the court could relax application of the doctrine of *res judicata* and allow the petitioner to file a second post-conviction petition. (*People v. Nichols* (1972), 51 Ill. 2d 244 (did not apply the doctrine of *res judicata* to a successive petition where the petitioner denied any assistance of counsel on an arguably meritorious first petition); *People v. Raymond* (1969), 42 Ill. 2d 564, 566 (permitted successive petition in the interest of fundamental fairness where representation on the first petition was "so clearly inadequate that the dismissal of that petition can not be regarded as *res judicata*").) The petitioner argues, however, that the trial court erred in refusing to consider its motion for a fitness hearing on the merits.

He maintains that the cause should be remanded for consideration of the motion and for an evidentiary hearing on the question of whether he was mentally fit to assist counsel.

Our court has held that the Post-Conviction Hearing Act can serve its purpose properly only if the attorney appointed to represent an indigent petitioner communicates with the petitioner to ascertain whether he has any viable allegations of deprivations of constitutional rights. (*People v. Slaughter* (1968), 39 Ill. 2d 278, 285.) In addition, Supreme Court Rule 651(c) specifically requires appointed counsel to certify that he or she consulted with the petitioner. Here, the petitioner's counsel certified that he consulted with the petitioner, as required by Rule 651(c). At the same time, counsel filed a motion for a fitness hearing which alleged, in effect, that the petitioner was not able to communicate in a rational manner with his appointed counsel and that counsel suspected that the petitioner's inability to communicate was the result of some mental defect. The motion claimed that there was a *bona fide* doubt as to the petitioner's fitness to assist counsel in post-conviction proceedings.

The trial court denied the motion, holding that it was "not applicable to post-conviction proceedings." While we agree that nothing in our statutes or rules expressly authorizes such a hearing, we cannot agree that the absence of specific statutory authorization precludes courts from considering whether a petitioner is competent to consult with his appointed counsel in post-conviction proceedings. As stated, section 122—4 of the Post-Conviction Hearing Act and Rule 651 together ensure that post-conviction petitioners will receive a reasonable level of assistance by counsel in post-conviction proceedings. These provisions cannot be satisfied where appointed counsel is unable to consult with or communicate with a post-conviction petitioner because the petitioner suffers

from a mental defect. Because the trial court did not consider the substance of the petitioner's motion, we vacate the judgment dismissing the post-conviction petition and remand this cause to the trial court, so that the court may determine whether the facts brought to its attention, either by counsel for the petitioner or from the court's own observations of the petitioner, raise a *bona fide* doubt as to the petitioner's mental ability to communicate with his post-conviction counsel.

Whether a *bona fide* doubt has been raised is a decision which rests largely within the discretion of the trial court, which is in the best position to observe the petitioner and evaluate his conduct. (See *People v. Murphy* (1978), 72 Ill. 2d 421, 431.) We note, however, that the mere fact that the petitioner suffers from mental disturbances or requires psychiatric treatment does not necessarily raise a *bona fide* doubt of his ability to consult with counsel. A petitioner may be competent to participate in post-conviction proceedings even though his mind is otherwise unsound. See *People v. Murphy* (1978), 72 Ill. 2d 421, 431; *People v. Balfour* (1986), 148 Ill. App. 3d 215.

Furthermore, a trial court may require a substantial showing of incompetency to raise a *bona fide* doubt as to the petitioner's competency to consult with his appointed counsel. A post-conviction petitioner does not make his claim of incompetency against a clean slate. On the contrary, in order to have been convicted and sentenced, the petitioner must have been deemed competent to stand trial, or his competency must have been sufficiently clear as not to raise a serious question for the trial court. (See *Ford v. Wainwright* (1986), 477 U.S. 399, 425-26, 91 L. Ed. 2d 335, 356-57, 106 S. Ct. 2595, 2610.) The court therefore may properly presume that the petitioner remains competent at the time of post-conviction proceedings, and require a substantial threshold showing of in-

competency to trigger the right to a psychiatric evaluation or an evidentiary hearing on the question.

We also observe that a greater degree of incompetence must be shown to demonstrate that a petitioner is not competent to participate in post-conviction proceedings than is required to show that a defendant is not competent to stand trial. A defendant is considered unfit to stand trial if he or she is unable to understand the nature and purpose of the proceedings against him or to assist in his defense. (Ill. Rev. Stat. 1987, ch. 38, par. 104—13.) A post-conviction petitioner, on the other hand, will be considered unfit only if he demonstrates that he, because of a mental condition, is unable to communicate with his post-conviction counsel in the manner contemplated by section 122—4 of the Code of Criminal Procedure and Supreme Court Rule 651.

The level of competency required at trial is higher than the level required in post-conviction proceedings because of the disparate nature of the two proceedings. At trial, a defendant is confronted with the prosecutorial forces of organized society and immersed in the intricacies of the substantive and procedural law. (See *Kirby v. Illinois* (1972), 406 U.S. 682, 689, 32 L. Ed. 2d 411, 418, 92 S. Ct. 1877, 1882.) A defendant who is not competent to assist trial counsel in preparing an adequate defense may be unjustly convicted because he lacks competence to respond to the criminal accusations against him. A post-conviction proceeding, on the other hand, is not part of the criminal process itself; it is a collateral attack on the judgment and is considered civil in nature. (*Pennsylvania v. Finley* (1987), 481 U.S. 551, 557, 95 L. Ed. 2d 539, 547, 107 S. Ct. 1990, 1994; *People v. Albanese* (1988), 125 Ill. 2d 100, 104.) The defendant's guilt or innocence is not at issue; rather, a post-conviction proceeding is a new proceeding in which the petitioner raises constitutional challenges to the original conviction which

have not already been adjudicated. *People v. Gaines* (1984), 105 Ill. 2d 79, 87.

The source of the right to a lawyer's assistance at trial is also different from the source of such assistance in post-conviction proceedings. The right to the assistance of counsel at trial is derived from the sixth amendment of the United States Constitution (U.S. Const., amend. VI), whereas the assistance of counsel in post-conviction proceedings " 'is a matter of legislative grace and favor which may be altered by the legislature at will.' " *People v. Porter* (1988), 122 Ill. 2d 64, 73, quoting *People v. Ward* (1984), 124 Ill. App. 3d 974, 978; see also *Murray v. Giarratano* (1989), 492 U.S. 1, 106 L. Ed. 2d 1, 109 S. Ct. 2765; *Pennsylvania v. Finley* (1987), 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (the Constitution does not require the appointment of counsel to indigent inmates seeking post-conviction relief).

Because the right to counsel in post-conviction proceedings is derived from a statute rather than the Constitution, post-conviction petitioners are guaranteed only the level of assistance which that statute provides. Section 122—4 of the Code of Criminal Procedure and Supreme Court Rule 651 provide post-conviction petitioners with a *reasonable* level of assistance in post-conviction proceedings, but do not guarantee that they will receive the same level of assistance that the Constitution guarantees to defendants at trial. This distinction is rational, because trial counsel plays a different role than counsel in post-conviction proceedings. (See *People v. Carpenter* (1958), 13 Ill. 2d 470, 480 (the safeguards applicable to an original trial are not necessarily applicable to post-conviction determinations of sanity).) At trial, counsel acts as a shield to protect defendants from being "haled into court" by the State and stripped of their presumption of innocence. (*Ross v. Moffitt* (1974), 417 U.S. 600,

610-11, 41 L. Ed. 2d 341, 351, 94 S. Ct. 2437, 2444.) Post-conviction petitioners, however, have already been stripped of the presumption of innocence, and have generally failed to obtain relief on appellate review of their convictions. It is the petitioner, rather than the State, who initiates the post-conviction proceeding, by claiming that constitutional violations occurred at his trial. Counsel are appointed to represent post-conviction petitioners, not to protect them from the prosecutorial forces of the State, but to shape their complaints into the proper legal form and to present those complaints to the court. Thus, a petitioner who is competent to communicate his allegations of constitutional deprivations to counsel is competent to participate in post-conviction proceedings.

If the trial court determines that a *bona fide* doubt exists as to the petitioner's mental ability to communicate with counsel, the court may order that a psychological evaluation be conducted and consider the matter in an evidentiary hearing. The evidentiary hearing shall be conducted in accordance with the procedures set out in section 5—2—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—2—3), which governs hearings on the defendant's fitness to be executed. Accordingly, the court, rather than a jury, shall determine whether a petitioner is competent to consult with his appointed counsel, and a petitioner who is found incompetent shall be remanded to the Department of Corrections, rather than to the Department of Mental Health, until fit. See also Ill. Rev. Stat. 1987, ch. 91½, par. 142 (allowing the filing of a petition asserting that a person sentenced and committed to a penal institution has become subject to involuntary admission under the Mental Health and Developmental Disabilities Code since his commitment).

The State argues that this court should not grant the petitioner a fitness hearing, because such a holding will

ultimately deprive those petitioners who are found unfit of the opportunity to seek post-conviction relief. We are not suggesting, however, that a death row inmate is prohibited from having viable issues raised on his behalf simply because he may be unable to participate meaningfully in the presentation of those arguments. Although this court has never before considered the question, the United States Supreme Court has determined that collateral proceedings may be brought by the "next friend" of a death row inmate where the inmate is mentally incompetent to bring or participate in such proceedings. (*Whitmore v. Arkansas* (1990), 495 U.S. ___, 109 L. Ed. 2d 135, 110 S. Ct. 1717.) In such proceedings, issues that are of record and not dependent upon personal information from the defendant could be litigated by competent counsel. A petitioner who is found unfit to participate in post-conviction proceedings will not be barred, however, from raising claims that were dependent upon personal information known only to the petitioner after the period for filing petitions specified in section 122—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1987, ch. 38, par. 122—1) has expired.

Accordingly, we vacate the circuit court's judgment and remand this cause to the trial court, so that the court may consider whether there is a *bona fide* doubt raised as to the petitioner's competency to consult with his appointed counsel. If the court determines that no *bona fide* doubt is raised, it shall reinstate its dismissal of the post-conviction petition. If the court concludes that a *bona fide* doubt is raised, it may order a psychiatric evaluation and conduct an evidentiary hearing as described above. If the court ultimately determines that the defendant was not competent to consult with his appointed counsel, it shall remand the petitioner to the Department of Corrections until fit, as specified in section 5—2—3 of the Unified Code. If the court ultimately de-

termines that the petitioner was competent to consult with his appointed counsel in the manner contemplated by section 122—4 of the Code of Criminal Procedure and Rule 651(c), it shall reinstate its judgment dismissing the post-conviction petition.

Because we have determined that the Post-Conviction Hearing Act and Rule 651(c) obligate courts to consider whether a post-conviction petitioner is mentally competent to consult with counsel, we need not address the petitioner's constitutional claims. The petitioner raises a second issue, unrelated to the motion for a fitness hearing, for our review. He claims that the attorney appointed to represent him at the trial stage of post-conviction proceedings failed to comply with Rule 651(c) (107 Ill. 2d R. 651(c)). The defendant maintains that he had a viable post-conviction claim that his trial counsel was ineffective for failing to call additional witnesses in mitigation and failing to present evidence that the defendant may have been mentally retarded at the time of the offense. The petitioner contends that his post-conviction counsel should have supported this ineffective-assistance claim with citations to the record, affidavits, or records of psychological testing performed on the defendant. (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.) The defendant claims that his post-conviction petition did not comply with Rule 651(c), because he failed to introduce any such evidence in support of the ineffective assistance claim.

As stated, Rule 651(c) requires the record to show that counsel consulted with the petitioner, examined the trial record and amended the *pro se* petition when necessary to reflect the contentions to be presented. (107 Ill. 2d R. 651(c).) The record clearly shows that petitioner's counsel complied, insofar as compliance was possible, with Rule 651(c). The record shows that counsel consulted with the petitioner and filed an amended post-con-

viction petition which raised numerous allegations of trial error. It would have been impossible for counsel to have raised many of these errors without having examined the record of the proceedings at trial. In addition, petitioner's post-conviction counsel presented adequate evidence in support of the ineffective-assistance claim at the evidentiary hearing on the post-conviction petition. For example, he questioned Scott Belford, the petitioner's trial counsel, at length regarding his failure to request a hearing to determine the defendant's competency to stand trial and be sentenced. Petitioner's counsel also questioned Belford regarding his failure to call the defendant's father to testify in mitigation, his failure to introduce the defendant's school records and his failure to introduce evidence of the defendant's psychological problems in mitigation at sentencing. In addition, petitioner's counsel called the petitioner to testify, so that he might advise the court of mitigation witnesses who were not called and to explain what those witnesses might have said in mitigation. Because the record demonstrates that petitioner's counsel adequately presented the petitioner's ineffective-assistance claim, we reject the petitioner's contention that his post-conviction counsel did not comply with Rule 651(c) (107 Ill. 2d R. 651(c)). *People v. Akers* (1985), 137 Ill. App. 3d 922; *People v. Drew* (1976), 36 Ill. App. 3d 807.

For the reasons stated, the judgment of the circuit court is vacated and the cause is remanded to the court for further proceedings consistent with this decision.

*Circuit court judgment vacated;*
*cause remanded with directions.*