**Richard A. BROCK, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 66929.

Missouri Court of Appeals,
Western District.

Oct. 30, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 18, 2007.

Application for Transfer to Denied
Jan. 22, 2008.

Susan L. Hogan, Esq., Kansas City, MO, for appellant.

Shaun J. Mackelprang, Esq., Jefferson City, MO, for respondent.

Before LOWENSTEIN, P.J., ELLIS and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Richard Brock ("Brock") appeals from the denial of his Rule 29.15 motion, following an evidentiary hearing. Brock contends the motion court erred: (1) in ruling on the post-conviction motion without first determining whether he was competent to proceed; and (2) in determining that defense counsel was not ineffective in failing to request a jury instruction on the lesser included offense of second-degree murder. For reasons explained herein, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Brock was charged with two counts of first-degree murder and two counts of armed criminal action in the shooting deaths of Steven Shepherd and Keith Barnes. The State's evidence included a videotaped statement from Brock, admitting his involvement in the crime. Brock told police that he and his nephew, Johntae Brock ("Johntae"), had made plans to kill Shepherd because Shepherd was going to testify against Johntae's brother on criminal charges. On the evening of the shootings, Brock, Johntae, Shepherd, and Barnes were outside an apartment they

had visited together. Brock heard gunfire and turned to see Johntae firing shots toward Shepherd. Brock said he then fired shots towards Barnes because he feared Barnes might have a gun.

At trial, Brock testified in his own defense and denied any involvement in the shootings. Brock said he made up the story in the videotaped statement because he believed Johntae had set him up.

The jury convicted Brock on all four counts. The court sentenced him to two terms of life imprisonment without parole for the murders and two terms of life imprisonment for armed criminal action, all to be served consecutively. On direct appeal, the convictions were affirmed. *State v. Brock*, 132 S.W.3d 338 (Mo.App. 2004).

Brock timely filed a Rule 29.15 motion, which was later amended by appointed counsel. The amended motion alleged that trial counsel was ineffective in failing to request a jury instruction on the lesser-included offense of second-degree murder. At the evidentiary hearing, Brock's post-conviction counsel requested that Brock undergo a mental evaluation to determine his competency. Counsel told the motion court that Brock believed a computer transmitter chip had been planted in his head during a dental visit and that his food was being drugged. The court delayed the evidentiary hearing to allow counsel to file a written motion for mental evaluation. The court later denied the Motion for Mental Evaluation without explanation.

The motion court reconvened the evidentiary hearing on the merits of the Rule 29.15 motion. Post-conviction counsel informed the court that Brock had directed her to submit the motion on the pleadings. Brock did not testify at the hearing. The State called Brock's trial counsel, Miller Leonard, to testify. Leonard explained that he did not request a lesser-included offense instruction because it would have been inconsistent with Brock's defense that he was not involved in the murders.

Following the evidentiary hearing, the motion court entered judgment denying post-conviction relief. Brock appeals.

## STANDARD OF REVIEW

We review the denial of a post-conviction relief motion for clear error. *Edwards v. State*, 200 S.W.3d 500, 509 (Mo. banc 2006). "The motion court's findings of fact and conclusions of law are presumed to be correct." *Id.* "Findings and conclusions are clearly erroneous only if a full review of the record definitely and firmly reveals that a mistake was made." *Id.*

## ANALYSIS

### *Competency*

Brock contends the motion court erred in denying the Rule 29.15 motion without first determining whether he was competent to assist appointed counsel during the post-conviction proceeding. In light of the concerns expressed by counsel, Brock contends the court should have granted the Motion for Mental Evaluation and stayed the proceedings pending determination of his competency. Brock asserts he was unable to "consult with his lawyer with a reasonable degree of rational understanding," and that his constitutional rights to due process and assistance of counsel were thereby violated.

Missouri courts have not recognized the right to a competency determination in a post-conviction proceeding. *Id.* at 520. Brock relies on decisions from other jurisdictions in claiming that he was entitled to a competency evaluation before the motion court could rule on his Rule 29.15 motion. *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir.2003); *Carter v. State*, 706

So.2d 873, 876 (Fla.1998); *State v. Debra A.E.,* 188 Wis.2d 111, 523 N.W.2d 727, 735–36 (1994); *People v. Owens,* 139 Ill.2d 351, 151 Ill.Dec. 522, 564 N.E.2d 1184, 1190 (1990). We do not find these cases persuasive, particularly in light of the narrow purpose and limitations of post-conviction proceedings under Missouri law.

 Rule 29.15 provides the exclusive procedure by which a felon can challenge the validity of a conviction or sentence on grounds that it violated the constitution and laws the State, or the United States Constitution. Rule 29.15(a). The rule invokes a civil proceeding, governed by the rules of civil procedure. *Edwards,* 200 S.W.3d at 515. Even when a hearing is granted under the rule, not all rights guaranteed to a criminal defendant at trial are extended to the post-conviction hearing. *Id.* "There is no right to effective assistance of counsel at a Rule 29.15 hearing." *Id.* Similarly, the standards for mental competency in criminal proceedings under Section 552.020, R.S.Mo.2000, are not applicable in this post-trial setting. *Shaw v. State,* 686 S.W.2d 513, 515 (Mo.App.1985) (addressing predecessor Rule 27.26). Because Rule 29.15 focuses on the validity of what occurred at the trial proceeding, the "[m]ovant's present mental condition is irrelevant." *Id.*

 We find no clear error in the motion court's refusal to determine Brock's competency before ruling on his Rule 29.15 motion. The post-conviction remedy is available for the defendant to attack his conviction and not to allege irregularities in the post-conviction proceeding itself. *Abel v. State,* 737 S.W.2d 487, 488 (Mo. App.1987) (addressing predecessor Rule 27.26). Point I is denied.

### Ineffective Assistance of Counsel Claim

 Brock asserts the motion court erred in denying his Rule 29.15 motion because the evidence established that his trial counsel was ineffective in failing to request a jury instruction on the lesser-included offense of second-degree murder. Brock alleges there was sufficient evidence to support such an instruction because his own testimony indicated he did not deliberate in the shootings of Barnes and Shepherd.

To prevail on his ineffective assistance of counsel claim, Brock must show that his trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under the same or similar circumstances, and that he was prejudiced thereby. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We must presume that counsel acted professionally in making decisions and that any challenged action was part of counsel's reasonable trial strategy. *Barnett v. State,* 103 S.W.3d 765, 769 (Mo.banc 2003). To overcome this presumption, Brock must prove his claim for relief by a preponderance of the evidence. Rule 29.15(i).

 With regard to his claim of counsel's ineffectiveness in failing to request a lesser included instruction, Brock must show that the evidence supported submission of the instruction had one been requested, that the decision not to request the instruction was not reasonable trial strategy, and that Brock was thereby prejudiced. *Jackson v. State,* 205 S.W.3d 282, 285 (Mo.App.2006). If counsel made an objectively reasonable choice not to submit an available instruction, the decision would not constitute ineffective assistance of counsel. *Id.*

The only evidence presented at the motion hearing was the testimony of Miller Leonard, Brock's trial counsel. Leonard testified that he did not request a second-degree murder instruction because it

would have been inconsistent with Brock's testimony that he was not guilty of the crimes charged and that his confession was contrived. The trial court concluded trial counsel's actions were reasonable trial strategy and denied Brock's motion.

For purposes of this opinion, we assume without deciding that the evidence supported a lesser-included offense instruction for second degree murder. However, we conclude that the motion court's judgment was not clearly erroneous as Brock has failed to overcome the presumption that counsel's decision not to request the instruction was reasonable trial strategy.

Throughout the trial—including *voir dire*, opening statement, Brock's testimony, and closing argument—the defense theory was that Brock did not shoot the victims. Requesting a second-degree murder instruction would have been entirely inconsistent with that theory, as it would have required the jury to find that Brock was involved in the murders but did not deliberate. Counsel had no duty to request an instruction that would undermine the entire theory of the case presented at trial.

Brock failed to overcome the presumption that his counsel exercised reasonable trial strategy in declining to pursue a lesser-included offense instruction. The motion court properly determined he was not entitled to post-conviction relief. Point II is denied.

### CONCLUSION

We affirm the denial of the Rule 29.15 motion.

All concur.