NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200450-U

NO. 4-20-0450

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 14, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| RONALD W. THIELE, | ) | No. 10CF144 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice Knecht and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Defendant failed to make a substantial showing of a constitutional violation and
                  was not denied reasonable assistance of postconviction counsel.

¶ 2    In December 2012, defendant, Ronald W. Thiele, filed a *pro se* postconviction

petition. In February 2013, the Livingston County circuit court dismissed defendant's petition as

frivolous and patently without merit. Defendant appealed the dismissal, and this court reversed

the first-stage dismissal and remanded the cause for further proceedings. *People v. Thiele*, 2014

IL App (4th) 130173-U. On remand for the first time, appointed counsel filed an amended

postconviction petition, and the State filed a motion to dismiss defendant's amended

postconviction petition. In February 2016, the circuit court granted the State's motion to

dismiss, and defendant appealed, contending he was denied reasonable assistance of

postconviction counsel. This court agreed with defendant and remanded the cause for further

proceedings.  *People v. Thiele*, 2018 IL App (4th) 160195-U.

¶ 3        On remand for a second time, postconviction counsel filed a second-amended postconviction petition, and the State filed a motion to dismiss that petition.  After a September 2020 hearing, the circuit court dismissed defendant's second-amended petition.  Defendant again appeals, asserting (1) the court erred by dismissing his ineffective assistance of counsel claim related to a lesser included offense instruction and, in the alternative, (2) he received unreasonable assistance of his latest postconviction counsel.  We affirm.

¶ 4                              I. BACKGROUND

¶ 5        In June 2010, a grand jury indicted defendant with two counts of unlawful delivery of a controlled substance (720 ILCS 570/401(c)(1), (d) (West 2010)) (counts I and II) and one count of unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(a)(1)(A) (West 2010)) (count III).  The unlawful delivery counts alleged that, on May 24 and 27, 2010, defendant knowingly delivered heroin to a confidential source (later identified as Tace Meints).  The count of unlawful possession with the intent to deliver asserted that, on May 29, 2010, defendant knowingly possessed with the intent to deliver 15 grams or more but less than 100 grams of a substance containing heroin.

¶ 6        In January 2011, the circuit court held a jury trial on the charges, at which defendant was represented by Jason Kopec.  The evidence presented at defendant's trial that provides a background for defendant's postconviction claims is set forth below.  Meints testified on behalf of the State and described the two controlled buys he made from defendant, whom Meints had known all his life.  During the first buy, Meints bought two bags of heroin for $60.  During the second buy, Meints observed defendant first sell Brad Haab eight or nine bags of heroin for $200.  Meints also bought $200 worth of heroin.  While Meints was in defendant's

home for the second buy, he observed defendant inject himself with heroin. Meints admitted to using heroin at defendant's home on prior occasions.

¶ 7    On May 29, 2010, the police executed a search warrant for defendant's home. Deputy Brad DeMoss testified defendant and his girlfriend, Megan Johns, were both sleeping when they entered the home. DeMoss recovered syringes from multiple locations in the home. The police also found bags containing heroin in the pocket of defendant's jeans. In total, 149 small bags of heroin were recovered from defendant's pocket. Inspector Mike Willis testified defendant's wallet was also in the jeans and it contained $148. Willis interviewed defendant, and defendant was adamant the heroin was all his. Defendant had purchased the heroin in Cicero, Illinois, the day before the search. He had paid $1000 for 13 packs of 14 individual Ziploc bags of heroin. When he returned from Cicero, defendant used 8 or 9 of the individual bags of heroin himself and estimated he had 11 packs and some individual mini Ziploc bags left in his jeans. Defendant admitted to being a heroin addict and stated he sold heroin to support his heroin habit. Defendant gave Willis the names of the people to whom defendant had been selling heroin, including Meints. Willis admitted the police did not find any weapons, scales, ledgers, packaging materials, and items used in "cutting narcotics." However, Willis further testified they often did not find cutting items or scales with heroin because the sellers are purchasing heroin already packaged for sale. Defendant admitted to using eight or nine bags of heroin at a time. While 8 to 9 bags of heroin were a lot for one use, Willis had known users who claimed to use 15 to 16 bags at a time.

¶ 8    Michelle Dieke, a forensic scientist with the Illinois State Police, testified the State's exhibit No. 1 contained a tenth of a gram of a substance containing heroin. Aaron Roemer, also a forensic scientist with the Illinois State Police, testified the State's exhibit No. 2

was a plastic bag with nine smaller plastic bags containing an off-white powder. The powder from all nine bags weighed 1.2 grams and tested positive for heroin. The State's exhibit No. 3 was a larger plastic bag with other bags inside and contained a total of 149 small bags of white powder. Roemer weighed the powder contained in 120 of the small bags and found the powder weighed 15.4 grams. The powder in the other 29 bags weighed 7.5 grams. Roemer tested the powder in the 120 bags and found it tested positive for heroin. He did not test the other 29 bags. Most of the small bags were in groups of 14 tethered together with tape.

¶ 9     Defendant presented the testimony of his girlfriend, Johns. Johns testified defendant used heroin about three times a day. She also noted Meints was defendant's friend and coworker. According to Johns, in the two months prior to defendant's arrest, Meints was at defendant's home at least five times a week and would use heroin every time he came to the house. Meints also kept clothing and a motorcycle at defendant's home. According to Johns, the heroin found during the search all belonged to defendant.

¶ 10     In closing arguments, defense counsel argued the evidence did not show defendant intended to sell more than 15 grams of heroin because a large portion of it was for his personal use.

¶ 11     At the end of the trial, a jury found defendant guilty of all three charges. Defendant filed a motion for new trial and judgment of acquittal. On March 16, 2011, the circuit court held a joint hearing on defendant's posttrial motion and sentencing. The court denied defendant's posttrial motion and sentenced him to concurrent prison terms of 10 years and 25 years on the two counts of unlawful delivery of a controlled substance and 41 years for unlawful possession of a controlled substance with the intent to deliver. Defendant filed a motion to reconsider his sentences, which the court denied. Defendant appealed, and this court affirmed

his convictions and sentences. *People v. Thiele*, 2012 IL App (4th) 110410-U.

¶ 12　　　　On December 19, 2012, defendant filed his *pro se* postconviction petition with exhibits, raising numerous claims of error. In February 2013, the circuit court dismissed the petition at the first stage of the proceedings. Defendant appealed, and this court reversed the dismissal and remanded the cause for further proceedings. *Thiele*, 2014 IL App (4th) 130173-U. As to the ineffective assistance of counsel claim defendant addresses in this appeal, this court found it was arguable defendant was prejudiced by counsel's alleged failure to inform him of his right to submit a lesser included offense, and thus he met the low threshold of a gist of a constitutional claim. *Thiele*, 2014 IL App (4th) 130173-U, ¶ 19. We noted the State failed to address defendant's assertion all the heroin could have been found to be for personal use. *Thiele*, 2014 IL App (4th) 130173-U, ¶ 19. Defendant had explained how he and his girlfriend could have used about 16 grams of heroin in four days based on the evidence of their habits. *Thiele*, 2014 IL App (4th) 130173-U, ¶ 19. Given those facts, we found it was not delusional or baseless a jury could have found defendant guilty of just the lesser included offense of simple possession. *Thiele*, 2014 IL App (4th) 130173-U, ¶ 19.

¶ 13　　　　On remand for the first time, appointed counsel William Bertram filed an amended postconviction petition in June 2015. The amended postconviction petition asserted defendant was denied his right to (1) effective assistance of trial counsel, (2) effective assistance of appellate counsel, and (3) an impartial jury. The amended petition also raised a claim of actual innocence. As to the claim of ineffective assistance of trial counsel, the petition contended trial counsel failed to do the following: (1) investigate and present Haab as a witness, (2) include Jessica Brown as a witness in discovery, (3) object to prejudicial comments by prospective juror Lynn Masching, (4) strike juror Barbara Wilkinson, (5) present a lesser

included offense instruction, (6) challenge the State's instruction No. 12, (7) object to perjured testimony from Willis, (8) present character witnesses, and (9) object or respond to the circuit court's use of improper aggravating factors. Additionally, the petition alleged trial counsel coerced, lied, threatened, and intimidated defendant into not testifying at trial. Attached to the amended postconviction petition were affidavits by defendant (only one of which was notarized), police reports involving Meints, and letters from defendant's appellate counsel. Postconviction counsel filed a certificate under Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013), which stated the following:

> "I *** have consulted with the Petitioner by phone and mail to ascertain his contentions of error in the sentence, his contentions of deprivation of constitutional rights, have examined the trial court file and report of proceedings of the plea of guilty, and have made any amendments to the initially filed motion necessary for adequate presentation of any defects in those proceedings."

¶ 14 In August 2015, the State filed a motion to dismiss the amended postconviction petition, contending defendant failed to make a substantial showing his constitutional rights were violated. Defendant filed a response to the motion to dismiss, addressing each issue but did not include any new supporting documents. In December 2015, the circuit court held a hearing on the State's motion to dismiss.

¶ 15 On February 19, 2016, the circuit court entered a written order granting the State's motion to dismiss the amended postconviction petition. The court noted defendant's claims regarding potential witness Haab and alleged character witnesses were not supported by affidavits. It further found the issue of Brown's testimony was addressed on direct appeal. As to the issue related to the lesser included offense instruction, the court found that argument fell

short of establishing a substantial denial of his rights. It noted defendant's entire defense was he was a heavy heroin user and the amount of heroin found on him was for his personal use only. The court described it as "an all or nothing defense." Defendant appealed and asserted he received unreasonable assistance of counsel. We agreed and remanded the cause for further proceedings. *Thiele*, 2018 IL App (4th) 160195-U.

¶ 16        On remand for the second time, defendant was represented by attorney Kelly Harms. Harms filed a second-amended postconviction petition in which she asserted defendant's postconviction claims had no merit and asked to withdraw as counsel. The only issue she addressed was defendant's ineffective assistance of counsel claim based on trial counsel not making defendant aware of his right to decide whether to submit a lesser included offense instruction for count III. The second-amended postconviction petition asserted defendant was prejudiced by counsel's failure because evidence was presented supporting a conviction of the lesser included offense of possession. Specifically, during his interviews, defendant admitted to possessing heroin in large amounts for his personal use. Defendant explained he used eight to nine bags per day and the amount of heroin he possessed would last him around five days. Additionally, defendant alleged, if he had known of his right to submit a lesser included offense instruction, he would have done so. The petition also asserted a claim of ineffective assistance of appellate counsel for not raising the ineffective assistance of counsel claim on direct appeal. Along with the second-amended postconviction petition, Harms filed an affidavit by defendant. In his affidavit, defendant stated trial counsel never informed him about submitting a lesser included offense instruction and described his high amount of personal heroin usage. Harms also filed a Rule 651(c) certificate.

¶ 17        The State filed a motion to dismiss the second-amended postconviction petition,

asserting defendant failed to make a substantial showing of prejudice. The State argued the evidence was overwhelming defendant was selling heroin. Aside from asking the circuit court to disregard her request to withdraw, Harms did not modify the second-amended postconviction petition or respond to the motion to dismiss. After a September 2020 hearing, the circuit court granted the State's motion to dismiss. The court found defendant did not make a substantial showing of prejudice on the ineffective assistance of counsel claim. The court noted the evidence of defendant's guilt was overwhelming and defendant had argued his large amount of personal heroin use to the jury.

¶ 18     On September 17, 2020, defendant filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. July 1, 2017). See Ill. S. Ct. R. 651(d) (eff. July 1, 2017) (providing the supreme court rules governing criminal appeals apply to appeals in postconviction proceedings). Accordingly, this court has jurisdiction under Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 19                                   II. ANALYSIS

¶ 20     Defendant appeals the dismissal of his second-amended postconviction petition at the second stage of the proceedings. On appeal, defendant contends he made a substantial showing of ineffective assistance of counsel or, in the alternative, he did not receive reasonable assistance of counsel.

¶ 21     The Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2012)) provides a remedy for defendants who have suffered a substantial violation of constitutional rights at trial. *People v. Pendleton*, 223 Ill. 2d 458, 471, 861 N.E.2d 999, 1007 (2006). In cases not involving the death penalty, the Postconviction Act sets forth three stages of proceedings. *Pendleton*, 223 Ill. 2d at 471-72, 861 N.E.2d at 1007. At the first stage, the circuit

court independently reviews the defendant's postconviction petition and determines whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2012). If it finds the petition is frivolous or patently without merit, the court must dismiss the petition. 725 ILCS 5/122-2.1(a)(2) (West 2012). If the court does not dismiss the petition, it proceeds to the second stage, where the court may appoint counsel for an indigent defendant. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1007. Defense counsel may amend the defendant's petition to ensure his or her contentions are adequately presented. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1007. Also, at the second stage, the State may file a motion to dismiss the defendant's petition or an answer to it. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1008. If the State does not file a motion to dismiss or the court denies such a motion, the petition advances to the third stage, wherein the court holds a hearing at which the defendant may present evidence in support of his or her petition. *Pendleton*, 223 Ill. 2d at 472-73, 861 N.E.2d at 1008. At both the second and third stages of the postconviction proceedings, "the defendant bears the burden of making a substantial showing of a constitutional violation." *Pendleton*, 223 Ill. 2d at 473, 861 N.E.2d at 1008. A substantial showing means the allegations, if proven at an evidentiary hearing, would entitle the petitioner to relief. *People v. Domagala*, 2013 IL 113688, ¶ 35, 987 N.E.2d 767.

¶ 22                    A. Ineffective Assistance of Counsel

¶ 23          This court analyzes ineffective assistance of counsel claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Evans*, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1163 (1999). To obtain relief under *Strickland*, a defendant must prove (1) his counsel's performance failed to meet an objective standard of competence and (2) counsel's deficient performance resulted in prejudice to the defendant. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163-64. To satisfy the deficiency prong of *Strickland*, the defendant must

demonstrate counsel made errors so serious and counsel's performance was so deficient that counsel was not functioning as "counsel" guaranteed by the sixth amendment (U.S. Const., amend. VI). *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. Further, the defendant must overcome the strong presumption the challenged action or inaction could have been the product of sound trial strategy. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. To satisfy the prejudice prong, the defendant must prove a reasonable probability exists that, but for counsel's unprofessional errors, the proceeding's result would have been different. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163-64. In this case, the circuit court found defendant failed to make a substantial showing of prejudice.

¶ 24　　　　While the trial evidence arguably could be construed to show simple possession of all the heroin, that evidence is extremely weak when compared to the evidence of possession with the intent to deliver because defendant admitted he sold heroin to support his heroin addiction and defendant sold heroin during two controlled buys. Moreover, as the circuit court found, the jury rejected defendant's argument at trial. Defendant's defense against count III was his heavy heroin use. During closing arguments, defense counsel argued defendant was a heavy heroin user and the heroin in his possession was for his and his girlfriend's use. Even with that argument, the jury still found defendant guilty of possession with the intent to deliver. Thus, we agree with the circuit court the record shows the giving of a lesser included offense instruction would not have changed the outcome of defendant's trial. The record refutes defendant's claim of prejudice. We note this case is distinguishable from *People v. Serrano*, 286 Ill. App. 3d 485, 492, 676 N.E.2d 1011, 1016 (1997), cited by defendant, which addressed an affirmative defense instruction and not a lesser included offense instruction. Without an affirmative defense instruction, the jury lacked the proper instructions. See *Serrano*, 286 Ill. App. 3d at 492-93, 676

N.E.2d at 1016. Here, the jury was properly instructed with the instructions on possession with the intent to deliver, and the jury rejected defendant's argument. Accordingly, we find defendant did not make a substantial showing the results of the proceeding would have been different with a lesser included offense instruction and thus did not make a substantial showing of ineffective assistance of counsel.

¶ 25                    B. Reasonable Assistance of Postconviction Counsel

¶ 26        In the alternative, defendant argues he received unreasonable assistance of postconviction counsel.

¶ 27        In postconviction proceedings, the right to counsel is wholly statutory, and the Postconviction Act only requires counsel to provide a defendant with a " 'reasonable level of assistance.' " *People v. Lander*, 215 Ill. 2d 577, 583, 831 N.E.2d 596, 600 (2005) (quoting *People v. Owens*, 139 Ill. 2d 351, 364, 564 N.E.2d 1184, 1189 (1990)). Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) "imposes specific obligations on postconviction counsel to assure the reasonable level of assistance required by the [Postconviction] Act." *Lander*, 215 Ill. 2d at 584, 831 N.E.2d at 600. Under that rule, postconviction counsel must (1) consult with the defendant either by mail or in person to ascertain the contentions of deprivation of constitutional rights, (2) examine the record of the circuit court proceedings, and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of the defendant's contentions. *People v. Perkins*, 229 Ill. 2d 34, 42, 890 N.E.2d 398, 403 (2007). "Fulfillment of the third obligation does not require counsel to advance frivolous or spurious claims on defendant's behalf." *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1007. The defendant bears the burden of demonstrating that his attorney failed to comply with the duties mandated in Rule 651(c). *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23, 955 N.E.2d 1200. Our supreme court has

consistently held remand is required when postconviction counsel failed to complete any one of the above duties, "regardless of whether the claims raised in the petition had merit." *People v. Suarez*, 224 Ill. 2d 37, 47, 862 N.E.2d 977, 982 (2007). This court reviews *de novo* whether an attorney complied with Rule 651(c). *People v. Blanchard*, 2015 IL App (1st) 132281, ¶ 15, 43 N.E.3d 1077.

¶ 28 Postconviction counsel's filing of a Rule 651(c) certificate raises a presumption that counsel provided reasonable assistance under the Postconviction Act—namely, that counsel adequately investigated, amended, and properly presented the defendant's claims. *Jones*, 2011 IL App (1st) 092529, ¶ 23. With the second-amended postconviction petition, postconviction counsel did provide a proper certificate, and thus the presumption applies.

¶ 29 Defendant claims postconviction counsel did not fulfill the third obligation of Rule 651(c) because, in the second-amended postconviction petition, she did not (1) follow this court's language in our prior orders in asserting prejudice and (2) include the simple possession jury instruction defendant would have tendered if he had been made aware of his ability to do so. Even if Harms would have done the things defendant asserts she should have done, defendant would still not have made a substantial showing of prejudice because the results of the proceedings would not have been different since the evidence of possession with the intent to deliver was overwhelming. Counsel is not unreasonable for failing to make losing arguments. As such, we do not find defendant was denied reasonable assistance by postconviction counsel Harms.

¶ 30 III. CONCLUSION

¶ 31 For the reasons stated, we affirm the Livingston County circuit court's dismissal of defendant's petition at the second stage of the postconviction proceedings.

¶ 32        Affirmed.