NOTICE
Decision filed 08/29/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230246-U

NO. 5-23-0246

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 16-CF-602 |
| | ) | |
| ANDREW C. BELL, | ) | Honorable |
| | ) | Chad S. Beckett, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Cates and Sholar concurred in the judgment.

**ORDER**

¶ 1     *Held*: Postconviction counsel failed to provide reasonable assistance by failing to attach supporting evidence or explain its absence, resulting in the court's dismissal of defendant's amended postconviction petition.

¶ 2     This appeal arises from the trial court's second-stage dismissal of an amended petition that defendant, Andrew C. Bell, filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). Defendant filed his *pro se* postconviction petition on February 15, 2022. On September 18, 2022, appointed postconviction counsel filed an Illinois Supreme Court Rule 651(c) (eff July 1, 2017) certificate and an amended postconviction petition. The State filed a motion to dismiss the amended postconviction petition on October 14, 2022. On March 17, 2023, the trial court granted the State's motion to dismiss. Defendant now appeals, arguing that postconviction counsel provided unreasonable assistance of counsel by failing to obtain witness

affidavits and include two "meritorious claims," and asserting claims she "should have known were frivolous." For the following reasons, we vacate and remand.

¶ 3                                    I. Background

¶ 4     The trial proceedings and the evidence presented at trial were fully set out in a prior order entered on defendant's direct appeal and need not be fully restated here. See *People v. Bell*, 2020 IL App (4th) 180247-U.[1] We include only those facts necessary to the disposition of this matter on appeal.

¶ 5     Following the defendant's trial on January 10 and 11, 2018, the jury found defendant guilty of one count of armed habitual criminal and one count of unlawful possession of a weapon by a felon on mandatory supervised release. The trial court merged the convictions and sentenced defendant to 22 years in the Illinois Department of Corrections followed by 3 years of mandatory supervised release. The court denied defendant's motion to reconsider. In August 2020, the Fourth District affirmed defendant's conviction and sentence. *Id.*

¶ 6     On February 15, 2022, defendant filed a *pro se* postconviction petition. Defendant argued, *inter alia*, that (1) trial counsel and the trial court failed to inform defendant that any sentence received for armed habitual criminal would be served at 85%, (2) trial counsel rendered ineffective assistance for failing to file a motion to suppress evidence, and (3) appellate counsel rendered ineffective assistance for failing to raise trial counsel's failure to inform defendant about the truth-in-sentencing consequences of his conviction on appeal. Defendant also attached an affidavit, alleging that trial counsel never informed him of the truth-in-sentencing consequences of an armed habitual criminal conviction.

---

[1]Defendant's direct appeal occurred in the Appellate Court of Illinois Fourth District. On January 1, 2022, Champaign County was redistricted into the jurisdiction of the Fifth District. Ill. S. Ct., M.R. 30858.

¶ 7 On September 19, 2022, appointed postconviction counsel filed a Rule 651(c) certificate and an amended postconviction petition. In the amended petition, counsel contended that trial counsel rendered ineffective assistance for failure to (1) advise defendant of the truth-in-sentencing consequences of an armed habitual criminal conviction, (2) investigate and call witnesses to testify for defendant, and (3) file posttrial motions. Postconviction counsel further alleged that the trial court erred by failing to admonish defendant about the truth-in-sentencing consequences of an armed habitual criminal conviction, and that appellate counsel rendered ineffective assistance for failing to raise issues on direct appeal.

¶ 8 Postconviction counsel attached three affidavits to the amended postconviction petition. Counsel attached her own affidavit in which she listed the dates that she talked to defendant by telephone and mail, and the dates she reviewed the files, discovery, and transcripts. In addition, counsel attached two affidavits of defendant. Counsel included the affidavit attached to defendant's *pro se* postconviction petition, and an affidavit stating that defendant informed trial counsel that his DNA may have been transferred to the firearm while in Indiana with Trezvion Turner and Marshawn Williams on January 1, 2016. Specifically, defendant alleged that he and Williams fired a firearm into the air to celebrate the new year, and Turner would testify that he saw this take place. Defendant further alleged that he told trial counsel that Tremale Hooser, now deceased, would have testified at trial that a few days before the execution of the search warrant at the apartment, Williams put the firearm on top of the kitchen cabinet.

¶ 9 On October 14, 2022, the State filed a motion to dismiss the defendant's amended postconviction petition arguing that defendant failed to make a substantial showing of ineffective assistance of counsel because (1) defendant's amended postconviction petition lacked witness affidavits that trial counsel allegedly should have called or failed to explain their absence, (2) trial

counsel did not misinform defendant of the sentencing consequences of an armed habitual criminal conviction, (3) trial counsel had no duty to inform defendant of truth-in-sentencing consequences because truth in sentencing is a collateral consequence of pleading guilty, (4) trial counsel filed a motion to reconsider sentence and postconviction counsel did not specify which posttrial motions trial counsel should have filed, and (5) defendant failed to show appellate counsel ineffective. On March 10, 2023, appointed postconviction counsel replied to the State's motion to dismiss stating: "no substantive reply needed."

¶ 10    On March 17, 2023, the trial court entered an order granting the State's motion to dismiss. The court found that defendant's amended postconviction petition offered only "conjecture and speculation," finding the postconviction petition unsupported by "affidavits, records, or other evidence." The court found that, in all aspects and arguments, defendant failed to make a substantial showing of a constitutional violation to proceed to a third-stage evidentiary hearing. Defendant timely appealed.

¶ 11                              II. Analysis

¶ 12    On appeal, defendant asserts that postconviction counsel's failure to adequately plead and support the claims raised in the amended postconviction petition violated the Act and Rule 651(c) and warrants remand for further second-stage postconviction proceedings and the appointment of new postconviction counsel. Defendant argues that postconviction counsel raised the claim in defendant's amended postconviction petition that trial counsel rendered ineffective assistance of counsel for failing to call Hooser and Turner to testify on defendant's behalf. Defendant asserts that postconviction counsel failed to attach affidavits from Turner and Hooser, or explain why she was unable to do so, or verify that Hooser was deceased. Defendant alleges that postconviction

4

counsel, by failing to obtain, or explain the absence of, the affidavits, rendered unreasonable assistance of counsel. We agree with defendant.

¶ 13    The Act (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated in his or her original trial or sentencing hearing. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). The Act provides a three-stage process for the adjudication of postconviction petitions. *People v. English*, 2013 IL 112890, ¶ 23. At the first stage, the trial court independently assesses the defendant's petition, and if the court determines that the petition is "frivolous" or "patently without merit," the court can summarily dismiss it. 725 ILCS 5/122-2.1(a)(2) (West 2020); *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). To survive the first stage, "a petition need only present the gist of a constitutional claim." *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996).

¶ 14    If a petition is not dismissed at the first stage, it advances to the second stage where an indigent petitioner can obtain appointed counsel and the State can move to dismiss it. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2020); *Edwards*, 197 Ill. 2d at 245-46. At the second stage, if the defendant makes a substantial showing of a constitutional violation, the petition advances to the third stage where the trial court conducts an evidentiary hearing on the merits. 725 ILCS 5/122-6 (West 2020); *Edwards*, 197 Ill. 2d at 246.

¶ 15    The right to counsel in postconviction proceedings is a " 'legislative grace' " and is derived from statute rather than the Constitution. *People v. Addison*, 2023 IL 127119, ¶ 19 (quoting *People v. Porter*, 122 Ill. 2d 64, 73 (1988); *People v. Owens*, 139 Ill. 2d 351, 364 (1990)). Thus, postconviction petitioners are guaranteed only the level of assistance which the statute provides. *Owens*, 139 Ill. 2d at 364. That level of assistance has been defined by the Illinois Supreme Court to mean a "reasonable" level of assistance. *People v. Flores*, 153 Ill. 2d 264, 276 (1992). The filing

of the Rule 651(c) certificate creates a presumption that defendant received proper representation, but the presumption can be rebutted by the record. *People v. Russell*, 2016 IL App (3d) 140386, ¶ 10 (citing *People v. Marshall*, 375 Ill. App. 3d 670, 680 (2007)).

¶ 16     A reviewing court applies a *de novo* standard of review to a trial court's dismissal of a postconviction petition at the second stage. *Addison*, 2023 IL 127119, ¶ 17. Here, the trial court dismissed defendant's petition for postconviction relief at the second stage of proceedings.

¶ 17     When a defendant raises a postconviction claim of ineffective assistance of trial counsel based on the failure to call a witness, that claim must be supported by an affidavit from said witness (*People v. Dupree*, 2018 IL 122307, ¶ 36) including evidence how the witness testimony would be favorable to defendant, or "must at least explain why such evidence is unobtainable." *People v. Collins*, 202 Ill. 2d 59, 68 (2002); 725 ILCS 5/122-2 (West 2020).

¶ 18     Here, postconviction counsel, in her amended postconviction petition, alleged that defendant notified trial counsel about two potential witnesses, Hooser and Turner. Postconviction counsel neither attached affidavits from the witnesses nor explained why the affidavits were absent or unobtainable. The State's motion to dismiss the amended postconviction petition identified this omission: "[D]efendant provides us with no witness affidavits at all and provides no explanation on why they are not attached to the petition." Despite this, postconviction counsel made no attempt to obtain the necessary evidence or explain its absence. Postconviction counsel, instead, replied stating: "no substantive reply needed." The trial court specifically found this defect as part of its grounds for granting the State's motion to dismiss, stating: "The Petition is unsupported by 'affidavits, records, or other evidence,' other than the defendant's own representations and a few pages of transcript. No explanation appears in the record as to why Defendant has failed to submit the required documentation." We acknowledge that one purported witness, Hooser, died some time

before postconviction counsel filed the amended postconviction petition. However, the record does not demonstrate that postconviction counsel attempted to verify Hooser's death, or obtain or attempt to obtain an affidavit from Turner. Accordingly, we conclude postconviction counsel failed to provide reasonable assistance. Because we find this issue dispositive, we need not address defendant's remaining arguments.

¶ 19    When appointed postconviction counsel does not adequately fulfill his or her duties under Rule 651(c), remand is required, and new counsel is appointed. *Addison*, 2023 IL 127119, ¶ 42. Defendant must be given an opportunity to replead his postconviction petition with the benefit of reasonable assistance of counsel. *People v. Turner*, 187 Ill. 2d 406, 417 (1999). Again, we express no opinion on the merits of defendant's postconviction claims. Upon remand, the trial court will have an opportunity to evaluate the merits of defendant's postconviction petition once defendant's new postconviction counsel has made any necessary amendments to the petition for an adequate presentation of defendant's contentions.

¶ 20                                III. Conclusion

¶ 21    For the foregoing reasons, we vacate the Champaign County circuit court's order of March 17, 2023, granting the State's motion to dismiss defendant's petition for postconviction relief and remand for further proceedings consistent with this decision.


¶ 22    Vacated; cause remanded.

7