2023 IL App (1st) 172183-U
No. 1-17-2183

FIRST DIVISION
August 21, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | |
| v. | No. 09 CR 160; 09 CR 11169 |
| GREGORY JAMES, | |
| Defendant-Appellant. | The Honorable Arthur F. Hill, Jr. Judge Presiding. |

_____

JUSTICE Pucinski delivered the judgment of the court.
Presiding Justice Lavin and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held:* The trial court's order dismissing defendant's petition for relief from judgment pursuant to 735 ILCS 5/2-1401 (West 2020) is affirmed where defendant's judgment of conviction and sentence were not void, because he did not file his petition within the time limitations and does not present type of claim recognizes as exempt from the procedural bars of section 2-1401. We also find that defendant did not establish his claims that his appointed counsel failed to exercise due diligence.

¶ 2    Defendant appeals the trial court's decision to grant the State's motion to dismiss defendant's petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 2-1401 (West 2020). On appeal, defendant asserts: (1) the trial court erred in dismissing

his section 2-1401 petition where he entered into a void contract when he pled guilty, and thus a void judgment, because the trial court exceeded its authority in entering into plea negotiations and a plea agreement with him; and (2) his appointed counsel failed to exercise due diligence in representing him during the section 2-1401 proceeding by failing to present a viable claim that his guilty plea was void and by failing to "reframe" his section 2-1401 petition as a postconviction petition under section 122-1 of the Illinois Post-Conviction Hearing Act. (725 ILCS 5/122-1 *et seq.* (West 2018)).

¶ 3                                    BACKGROUND

¶ 4        In case number 09 CR 160, defendant was charged by indictment with two counts of aggravated battery for spitting in the face of correctional officer (720 ILCS 5/12-4(b)(18)), and in case number 09 CR 11169, he was charged by indictment with two counts of possession of contraband, a cellular telephone and a charger, in a penal institution (720 5/31A-1.1(b)) (West 2010)). At the time that these two cases were pending, defendant was also charged with first degree murder in case number 03 CR 2858. The State elected to first proceed on the murder case.  On July 7, 2011, following a jury trial in which defendant was found guilty of first degree murder, he was sentenced to 33 years' imprisonment.

¶ 5        On July 14, 2011, there was a status hearing on the still-pending aggravated battery and contraband cases. Defendant, who had previously waived his right to counsel and was proceeding *pro se*, advised the trial court that he wanted to plead guilty in both cases. Defendant informed the trial court that he had not spoken to the prosecutor about his desire to plead guilty and that he did not "know which direction they want to go with it." The trial court and the prosecutor discussed whether defendant was subject to Class X sentencing based upon his criminal background, and that any sentences would have to run consecutive to the sentence in the murder case. The trial court

informed defendant that, "because there is no agreement in terms of a recommendation from the State and you, an agreed disposition, this would be a blind plea." Defendant responded, "Yes."

¶ 6       The case was recalled, and the trial court stated that, "our deputy sheriff indicated that [defendant] may want to have a 402 conference." Defendant acknowledged that he wanted a Rule 402 conference, and the trial court provided admonishments regarding a Rule 402 conference. The prosecutor informed the trial court of the facts of the case as well as defendant's criminal history. The prosecutor made no comment regarding a possible sentence. Defendant asked the trial court whether he would be given credit for the time that he had already served in prison on these two cases. The trial court responded, "You would be given credit on - - one occurred April 16th. You start on that one you get credit. On the other, whatever the other date is, you start getting credit for that one. The time credit runs in addition to the other…One starts here and it goes - - you picked up another one, so for these two, and then they both kind of run at the same time. So you've earned credit for - -…[t]he day that you caught the case." The trial court informed defendant that if he wanted to plead guilty, he would be sentenced to consecutive terms of six years' imprisonment. At that time, defendant stated that he wanted to plead guilty. The State subsequently stated that defendant had earned sentencing credit of 941 days for case number 09 CR 160 and 756 days for case number 09 CR 11169.

¶ 7       Defendant waived his right to a presentence investigation report, and the matter proceeded to sentencing. The trial court sentenced defendant to consecutive sentences of six years' imprisonment on each case, including the above-mentioned sentencing credits for time previously served. The trial court admonished defendant of his appellate rights. Defendant did not file a motion to vacate his plea or challenge his sentence on direct appeal.

¶ 8       On December 18, 2014, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2020)). The petition alleged that he pled guilty in these two cases "based on a plea agreement that he and the state's attorney bargain [sic]," the State "agreed to give [him] 6 years at 50% each on each of the…cases, with time credited for time in custody" and that this purported plea agreement was "void" because the trial court "was without authority to award him the credit based on the…plea agreement." He further alleged that, once he was incarcerated, he learned that he would not receive sentencing credit for these days. The trial court appointed counsel to represent defendant and continued the case for further proceedings.

¶ 9       The State subsequently filed a motion to dismiss the petitions for relief from judgment on July 26, 2016. The State argued that defendant failed to state a cause of action under section 2-1401 because his plea is not void, his claims are untimely, and he failed to allege any circumstances that would toll the statute of limitations under section 2-1401. Appointed counsel informed the trial court that she would not be filing any responsive motion. At the hearing on the State's motion to dismiss, the State argued that, while the trial court is not permitted to provide double credit for time spent in simultaneous custody, "[t]he fact that there may have been some error in the sentence that was imposed does not make the sentence void. It is potentially voidable…" The State argued that defendant's reliance upon a void sentence was abolished in *People v. Castleberry*, 2015 IL 116916. The State also argued that the amount of time that defendant would receive as a sentencing credit was "not an essential or material part of the bargain that [defendant] entered into." Appointed counsel responded that the record shows that defendant relied upon the trial court's representation to him that he would receive sentencing credit for both cases in deciding to plead guilty.

¶ 10      On August 23, 2017, the trial court granted the State's motion to dismiss, finding:

"My wording was sloppy. My wording was not nearly as clear as I would have liked, but it is clear from the beginning of those proceedings that particular day that [defendant] wanted to, quote unquote, lighten the load. That he just wanted to get out of the way what - - out of the way, in terms of us having to deal with his cases, and he wanted to lighten his own load. He said he had other issues to try to deal with.

He was *pro se*, and the Court made certain admonishments as it relates to that. This was not a negotiated plea. It is one that was essentially a blind plea in many respects. Respectfully, I'm going to grant the State's motion to dismiss at this time."

¶ 11                                    ANALYSIS

¶ 12    Defendant contends that the trial court erred in dismissing his section 2-1401 petition where he entered a void contract when he pled guilty, and thus a void judgment, because the trial court exceeded its authority in entering into plea negotiations and a plea agreement with him. He suggests that, because a plea agreement is essentially a contract, the plea agreement in this case was void *ab initio* where one of the parties to the contract exceeded its authority in entering into the agreement. In turn, the State contends that defendant did not file his section 2-1401 petition within the statutory two-year filing deadline for his voidness claim, and he cannot circumvent this filing deadline for his voidness claim because his challenge does not involve a claim regarding the trial court not having personal or subject matter jurisdiction or involve a challenge to a facially unconstitutional statute that is void *ab initio*.

¶ 13    The issue in this appeal concerns whether the circuit court properly denied defendant's petition filed under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)). Section 2-1401 provides a statutory mechanism by which a final order or judgment may be vacated

or modified more than 30 days after its entry. 735 ILCS 5/2-1401(a) (West 2020). Ordinarily, a defendant seeking relief under section 2-1401 must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief. *Smith v. Airoom, Inc.*, 114 Ill.2d 209, 220-21 (1986).

¶ 14    Generally, a section 2-1401 petition must be filed within two years after the entry of the order or judgment. 735 ILCS 5/2-1401(c) (West 2020). However, section 2-1401 allows a void judgment in a criminal case to be vacated at any time. *People v. Abdullah*, 2019 IL 123492, ¶ 13. A voidness challenge to a final judgment under section 2-1401 that is exempt from the ordinary procedural bars is available only for three types of claims: (1) challenges to personal jurisdiction, (2) challenges to subject matter jurisdiction, and (2) challenges to facially unconstitutional statutes that are void *ab initio. People v. Stoecker*, 2020 IL 124807, ¶ 28; *Abdullah*, 2019 IL 123492, ¶ 13. We review the dismissal of a section 2-1401 petition *de novo. People v. Vincent*, 226 Ill.2d 1, 18 (2007).

¶ 15    Here, we agree with the State's position that defendant does not allege that his sentence was void due to a lack of personal or subject matter jurisdiction, or due to a facially unconstitutional statute that was void *ab initio*, and therefore "defendant's claim [was] not a type recognized by any of our precedents as exempt from the typical procedural bars of section 2-1401." *People v. Castleberry*, 2015 IL 116916, ¶ 34 (abolishing the void sentence rule). On appeal, defendant focuses on the validity of his voidness claim, but has not asserted voidness based on any of the recognized grounds that would allow him to circumvent the two-year filing deadline.

¶ 16    The judgment or final order that defendant seeks to declare void was the order entered on July 14, 2011, wherein defendant pled guilty and was sentenced. Defendant admits that he filed his section 2-1401 petition on December 18, 2014. To have timely filed his petition, defendant would have had to file it by July 14, 2013. Instead, defendant filed his petition 17 months past the filing deadline. Due to his untimely filing and the fact that the voidness grounds alleged in his petition were not sufficient to remove the two-year time constraint, we find that the trial court properly granted the State's motion to dismiss defendant's section 2-1401 petition.

¶ 17    We next address defendant's contention that his appointed counsel failed to exercise due diligence. First, we look at the level of assistance required of appointed counsel under a section 2-1401 proceeding. Our Illinois Supreme Court has determined that "[a] petitioner seeking to collaterally attack a judgment has no constitutional right to the assistance of counsel." *People v. Stoecker*, 2020 IL 124807, ¶ 35 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *People v. Guest*, 166 Ill.2d 381, 412 (1995)). Because a defendant seeking collateral review has "already been stripped of the presumption of innocence and [has] failed to obtain relief on appellate review[,]" counsel appointed to represent a defendant during a collateral proceeding "works to advance a petitioner's claim rather than to protect him from prosecution by the State." *People v. Owens*, 139 Ill.2d 351, 364-365 (1990). Moreover, in contrast to the Illinois Post-Conviction Hearing Act (725 ILCS 5/122-4 (West 2016)), a defendant in filing a section 2-1401 petition does not have an express statutory right to assistance of counsel. *People v. Pinkonsly*, 207 Ill.2d 555, 568 (2003).

¶ 18    While the court is not obligated to appoint counsel in connection with the filing of a 2-1401 petition, the court may exercise its discretion in deciding to do so. *Stoecker*, 2020 IL 124807, ¶ 36. Therefore, "any discretionary appointment of counsel in the context of a section 2-1401 proceeding

requires the same due diligence as any lawyer would be required to perform in assisting his or her client." *Stoecker*, 2020 IL 124807, ¶ 42. In the context of a section 2-1401 petition, counsel has an obligation, to the best of his or her legal ability, to make a cogent argument in support of defendant's claims and to overcome procedural hurdles where legally and ethically possible. *Id.* Counsel's obligations "might include amending a petition, responding to any motions to dismiss, and standing on the petition or alternatively withdrawing as counsel." *Id*. ¶ 43.

¶ 19      Defendant contends that his appointed counsel failed to exercise due diligence by failing to assert a proper claim under section 2-1401 and "persisted in pursuing a patently non-viable claim." In doing so, he concedes that the claim raised in his section 2-1401 petition was not meritorious, and he suggests that the claim that he has raised now on appeal should have been raised. However, neither of these claims would enable defendant to overcome the timeliness requirement under section 2-1401. Appointed counsel's failure to pursue a meritless claim cannot constitute deficient representation warranting remand. See *Stoecker*, 2020 IL 124807, ¶ 45.   Therefore, because defendant did not present any arguable meritorious claim to overcome the untimeliness of his petition, he cannot bring a cognizable claim of lack of due diligence by appointed counsel.

¶ 20      Defendant also argues that his appointed counsel did not exercise due diligence when she failed to "reframe" his section 2-1401 into a postconviction petition pursuant to the Illinois Post-Conviction Hearing Act. 725 ILCS 5/122-1 *et seq.* (West 2018). He suggests that his appointed counsel should have raised a claim contained in his section 2-1401 petition as well as an additional claim, which was a "clear and obvious constitutional error that appeared in the same guilty plea transcript [appointed counsel] reviewed…" but was not raised in his petition. In doing so, he solely relies upon language in *Stoecker*, finding that the due diligence standard for counsel's performance

in the context of a section 2-1401 petition requires counsel to, in part, "overcome any procedural hurdles where it can legally and ethically be done." *Stoecker*, 2020 IL 124807, ¶ 42.

¶ 21　　　However, we must consider the context in which that comment was made. In *Stoecker*, our Supreme Court made this comment when considering appointed counsel's responsibilities in the context of how a defendant may obtain relief in a section 2-1401 proceeding. It noted that "[i]n the context of a section 2-1401 proceeding, relief 'is predicated upon proof, by a preponderance of the evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence *in both discovering the defense or claim and presenting the petition*.'" (Emphasis added) *Stocker*, 2020 IL 124807, ¶ 42 (quoting *People v. Vincent*, 226 Ill.2d 1, 7-8 (2007). In its discussion regarding "overcom[ing] any procedural hurdles," our Supreme Court was referring to appointed counsel's responsibilities related to representing a defendant in a section 2-1401 proceeding. It did not expand counsel's responsibilities, when representing a defendant who has filed a section 2-1401 petition, to include reviewing the claim to determine if the defendant can pursue his claims in a different type of petition. Our review of the relevant caselaw also does not reveal any support for defendant's request to expand the responsibilities of appointed counsel, in representing a defendant in a section 2-1401 petition, to review that claim to determine if it could be filed as a postconviction petition. While appointed counsel could have sought to "reframe" defendant's claims in a postconviction petition, after consulting with defendant, we do not find that it amounted to a lack of due diligence for appointed counsel's failure to do so.

¶ 22　　　Even if appointed counsel should have asked the trial court to treat defendant's complaint as a postconviction petition, it would not have helped him. Again, defendant exclusively focuses on the merits of his claims and does not recognize that he could not have met the timing requirements for filing a postconviction petition. To meet the time requirements for filing a postconviction

petition, defendant had to file a postconviction petition within three years of conviction "unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 2018). Defendant pled guilty on July 11, 2011. Defendant admits that he did not file his section 2-1401 petition until December 18, 2014. Moreover, there is no evidence to suggest that the delay was not due to his culpable negligence. In filing his claim pursuant to section 2-1401, defendant was required to show that he exercised due diligence, however, his petition did not provide any such explanation. Thus, even if the trial court considered defendant's pleading as a postconviction petition, he would not have been entitled to relief. The petition would have been untimely.

¶ 23                                    CONCLUSION

¶ 24        Based on the foregoing, we find that the trial court did not err in granting the State's motion to dismiss defendant's section 2-1401 petition. Therefore, the judgment of the circuit court is affirmed.

¶ 25    Affirmed.