2023 IL App (1st) 211301

SECOND DIVISION
September 29, 2023

No. 1-21-1301

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | 05 CR 10248 |
| | ) | |
| RAYMOND NESBITT, | ) | Honorable |
| | ) | Mary Margaret Brosnahan, |
| Defendant-Appellant. | ) | Judge Presiding |

_____

JUSTICE ELLIS delivered the judgment of the court, with opinion.
Presiding Justice Howse and Justice McBride concurred in the judgment and opinion.

**OPINION**

¶ 1 Petitioner Raymond Nesbitt represented himself in his trial for predatory criminal sexual assault. He was convicted and sentenced to decades in prison. He filed a *pro se* postconviction petition challenging his conviction and sentence. Eventually, that petition reached the second stage, whereupon petitioner elected to have counsel represent him. After postconviction counsel amended the postconviction petition, counsel filed the required certificate under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), attesting that she had performed her required duties.

¶ 2 Unhappy with his postconviction counsel's failure to bolster his original *pro se* claims, petitioner filed a *pro se* objection to counsel's filing of the Rule 651(c) certificate. The court ultimately dismissed the bulk of the amended postconviction petition (though petitioner prevailed on one portion regarding sentencing). The court declined to consider petitioner's

objection to the Rule 651(c) certificate.

¶ 3    Petitioner now appeals, claiming the court's refusal to entertain his *pro se* objection violated his right to procedural due process. We reject that claim. Due process did not require that the postconviction court entertain petitioner's objection to his counsel's performance in amending the postconviction petition at the second stage. His full and fair opportunity to be heard lies in the appellate court's *de novo* review of any such complaint of unreasonable assistance, which satisfies due process. We thus affirm.

¶ 4                                    BACKGROUND

¶ 5    After a trial in which he represented himself, petitioner was convicted of five counts of predatory criminal sexual assault. He was sentenced to an aggregate of 40 years in prison. We affirmed his conviction on direct appeal but remanded for resentencing after finding the court deprived him of his sixth amendment right to counsel when it failed to re-admonish him at the sentencing stage of the original trial proceedings. *People v. Nesbitt*, No. 1-09-0026 (Dec. 23, 2010) (unpublished order under Illinois Supreme Court Rule 23). At his second sentencing hearing, the petitioner was sentenced to an aggregate of 37 years in prison.

¶ 6    On April 9, 2013, petitioner filed a *pro se* postconviction petition, alleging various constitutional errors. He also alleged the trial court did not have jurisdiction over him when he was resentenced on December 19, 2011. The trial court dismissed that petition at the first stage of proceedings. We reversed, concluding that, due to a variety of procedural hiccups with his direct appeal, the circuit court likely did not have jurisdiction over petitioner's case when it resentenced him. We remanded the case to the circuit court for second-stage proceedings, where counsel could be appointed to represent petitioner. *People v. Nesbitt*, 2015 IL App (1st) 133021-U, ¶ 25. (That issue is not part of this appeal.)

¶ 7    When the case returned to the circuit court, petitioner filed two *pro se* motions, one seeking a substitution of judge and the other titled "Motion for Scope of Representation" regarding the public defender who had previously been assigned his case.

¶ 8    In November 2016, petitioner appeared before the court alongside his appointed attorney. Counsel informed the court that they had discussed the motion for substitution of judge, and that counsel did not believe there were any grounds to argue it. Counsel had informed petitioner that he could argue it himself if he wished, but he would have to forfeit representation by the public defender and would have to represent himself.

¶ 9    The court asked petitioner directly if he wanted to keep the public defender on his case, and petitioner said, "That'll be contingent upon the issues that he chooses to elaborate in my [petition]." When the court asked petitioner to clarify if he was keeping his attorney, petitioner said "yes." The court then struck petitioner's *pro se* motion for a substitution of judge.

¶ 10    Despite having an attorney, petitioner spent the next two years filing various *pro se* motions and documents. Meanwhile, in October 2018, petitioner's new assistant public defender filed a "Motion to resentence petitioner" and a certification, pursuant to Rule 651(c), that she had examined the record, discussed the issues with petitioner, and made any necessary amendments to the petition to present its claims to the court. See Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 11    At a court hearing in January 2019, petitioner's attorney informed the court that she had explained to her client that she was not dismissing or waiving any of his *pro se* petition's claims but that she would rest on his petition. At about the same time, petitioner filed a *pro se* motion seeking the appointment of a "bar [association] attorney" in lieu of the public defender's office. The court denied that motion in March 2019.

¶ 12    In January 2020, the State moved to dismiss the petition. Nine months later, in October,

petitioner filed a *pro se* "Motion in Support for 2nd/3rd Stage Proceedings of Post Conviction Petition." The filing purported to support the claims petitioner raised in his initial *pro se* petition.

¶ 13    Petitioner's counsel did not file anything beyond the motion seeking to resentence petitioner and, in February 2021, filed a second Rule 651(c) certification. In that certification, counsel referenced petitioner's 10 *pro se* filings regarding his petition and said she did not prepare a supplemental postconviction petition because "[p]etitioner's previously-filed *pro se* petition for post-conviction relief and subsequent filings adequately set forth the petitioner's claim of deprivation of his constitutional rights."

¶ 14    At the same time, counsel moved to combine petitioner's *pro se* petition and filings with her motion to resentence petitioner, in essence asking the court to treat the two filings together as one postconviction petition. The court agreed and combined petitioner's original *pro se* postconviction petition (filed in April 2013), petitioner's *pro se* motion in support of the proceedings (filed on October 4, 2018), and counsel's argument in support of resentencing into one petition.

¶ 15    Said differently, the assistant public defender, out of an abundance of caution (and perhaps a bit of frustration), took everything petitioner had filed *pro se* and included it with the resentencing argument she had written up, so that every single claim and argument made by petitioner would be included in the amended, second-stage postconviction petition.

¶ 16    The parties then argued the State's motion to dismiss outside the presence of petitioner. The State conceded petitioner's claim that the court did not have jurisdiction to sentence him (the claim amended by postconviction counsel) and thus petitioner required resentencing. The State moved to dismiss the balance of petitioner's *pro se* claims. The court took the matter under advisement.

¶ 17    On June 9, 2021, and before the court had ruled on the State's motion to dismiss the petition, petitioner filed a *pro se* "Motion of Objection to Filing of [Illinois Supreme Court Rule] 651(c) for a Supplemental Motion." This objection, as we will call it, is the subject of our appeal.

¶ 18    In that objection, petitioner complained that his "original postconviction petition has not been adjudicated in the manner instructed by the appellate court for 2nd stage proceedings." He argued that his counsel "refuses to conduct 2nd stage proceedings in lieu of resentencing only." He wrote that "the supplemental postconviction [petition] constitutes a due process violation because the defendant has not filed any request like this." And finally, he wrote, counsel's Rule 651(c) certificate was not notarized.

¶ 19    On June 16, 2021, in a written order, the trial court granted the State's motion to dismiss petitioner's *pro se* claims in the postconviction petition but advanced the sentencing issue to a third-stage proceeding. The record shows that, at the time the court dismissed petitioner's *pro se* claims, it was not aware of petitioner's *pro se* June 9 filing.

¶ 20    About a week later, on June 24, the court realized that petitioner had filed an objection to counsel's Rule 651(c) certification. In open court, petitioner's counsel said that, if petitioner "is objecting to me filing things, perhaps he wants to go *pro se* or perhaps he doesn't want me as his attorney. I don't know." The court set the matter for a hearing in August to bring petitioner into court and discuss his objections.

¶ 21    At that court date, on August 9, 2021, the court held a hearing with the petitioner, his attorney, and the State all present. Petitioner's counsel clarified that she did not abandon or otherwise waive any of the *pro se* claims in his original petition. Counsel stated that she had reviewed and discussed all these claims with him and chose not to amend the petition beyond amending the claim regarding resentencing.

¶ 22   The court then turned its attention to petitioner's written objection. It concluded that petitioner did not have "standing" to object to counsel filing a Rule 651(c) certification, particularly because the filing of the certificate was required by supreme court rule. The court told petitioner that, if he had wanted to represent himself, he could have so chosen before it ruled on his petition. Now, however, it was too late, and because petitioner had kept his lawyer, petitioner's arguments would have to be advanced through her.

¶ 23   Petitioner, in his colloquy with the court, appeared to indicate that he never received the amended postconviction petition—which, as already noted, was really a combination of the new resentencing motion counsel filed plus the original, unamended *pro se* claims. It appears that petitioner, when he filed his objection to the Rule 651(c) certificate, had been under the mistaken impression that counsel omitted his *pro se* claims entirely and *only* filed a pleading regarding resentencing.

¶ 24   In any event, at no time did petitioner terminate the services of his public defender, not even at the third stage, though he was given multiple opportunities to do so.

¶ 25                              ANALYSIS

¶ 26   On appeal, petitioner raises only a single claim: that the trial court violated his right to procedural due process when it refused to consider his *pro se* objection to counsel's Rule 651(c) certification at the second stage of postconviction proceedings. He does not ask us to review the merits of his objection. Nor does he argue that the *pro se* claims in his amended postconviction petition had merit and ask us to review them. His argument, at bottom, is that he should have been given an opportunity before the postconviction court, at the second stage of proceedings, to object to counsel's Rule 651(c) certificate and make his case of unreasonable assistance by postconviction counsel. The circuit court's refusal to hear his objection, he says, violated his

right to procedural due process.

¶ 27    The right to procedural due process is enshrined in both the federal and state constitutions. U.S. Const., amend XIV, § 1; Ill. Const. 1970, art. I, § 2. A postconviction petitioner has a right to procedural due process. *People v. Kitchen*, 189 Ill. 2d 424, 434-35 (1999). The fundamental requirements of due process are notice of the proceeding and the opportunity to present one's position. *People v. Cardona*, 2013 IL 114076, ¶ 15. Thus, the right guarantees an opportunity to be heard at a meaningful time and in a meaningful manner, to any motion or responsive pleading by the State. *People v. Pingelton*, 2022 IL 127680, ¶ 36.

¶ 28    But due process is a flexible concept; not all circumstances call for the same type of procedure. *People v. Stoecker*, 2020 IL 124807, ¶ 17. Our review of a purported due process violation is *de novo*. *Id.*

¶ 29    Before we go any further, we must emphasize that this procedural due process argument is focused only on the second stage of proceedings, as that is the stage, obviously, at which counsel filed her Rule 651(c) certificate, drawing petitioner's objection. Indeed, the duties set forth in Rule 651(c) apply only to postconviction counsel's duties at the second stage, not the third stage, which is governed by a general reasonableness standard. See *People v. Watson*, 2022 IL App (5th) 190427, ¶ 47 ("Rule 651(c) only applies to counsel at the second stage of postconviction proceedings."); *People v. Pabello*, 2019 IL App (2d) 170867, ¶ 28 ("It would be illogical to measure counsel's performance at the third stage by a standard applicable to the distinctly different second stage."); *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 59 (same); see also *People v. Addison*, 2023 IL 127119, ¶ 38 ("[T]his court has not prescribed by rule specific duties that counsel must perform at the third stage.").

¶ 30    Underlying this appeal is the fundamentally mistaken premise that a *pro se* litigant has

the right to lodge an objection to postconviction counsel's performance at the second stage of proceedings before the postconviction court. A petitioner does not have that right; our supreme court has so held. And due process did not require such a procedure here, as petitioner had an avenue to complain of counsel's unreasonable performance at the second stage of proceedings. That avenue is *de novo* review by the appellate court.

¶ 31                                                    I

¶ 32    We reiterate at the outset that petitioner had several opportunities to terminate the services of his appointed counsel but never did so, retaining counsel well past the moment of this controversy at the second stage and through the third stage of proceedings. He cannot pretend that his choice lacked consequences. It is well settled that a petitioner who is represented by counsel may not file *pro se* motions. He may fire his lawyer if he is unhappy with counsel's performance, but if represented by counsel, he must speak through counsel, and the trial court has no obligation to entertain *pro se* motions. See *People v. Stevenson*, 2011 IL App (1st) 093413, ¶ 30 ("A defendant has the right to proceed either *pro se* or through counsel; he has no right to some sort of hybrid representation whereby he would receive the services of counsel and still be permitted to file *pro se* motions."); *People v. Serio*, 357 Ill. App. 3d 806, 815 (2005) (defendant "has the right either to have counsel represent him or to represent himself; but a defendant has no right to both self-representation and the assistance of counsel").

¶ 33    There is only one exception to that rule, quite limited in scope: Post-trial, a defendant who complains *pro se* about the performance of his trial counsel is entitled to at least a preliminary hearing pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984). This, in effect, is what petitioner seeks here—some postconviction version of a *Krankel* hearing, where he could air his complaints about postconviction counsel to the circuit court as the second stage. As we explain

below, that procedure is not available to him, though he has adequate remedies regardless.

¶ 34                                          II

¶ 35    Because postconviction proceedings are not constitutionally mandated and are thus allowed only as a matter of "legislative grace," a petitioner is not entitled to the sixth amendment right to effective assistance of counsel, as he would be at trial. See *People v. Custer*, 2019 IL 123339, ¶ 30. He is entitled only to reasonable assistance in a postconviction proceeding. *Id.* "[T]he standard of reasonable assistance is 'significantly lower than the [standard] mandated at trial by our state and federal constitutions.' " *People v. Smith*, 2022 IL 126940, ¶ 35 (quoting *Custer*, 2019 IL 123339, ¶ 30).

¶ 36    At the second stage of proceedings, where an indigent *pro se* petitioner is entitled to counsel, the "gold standard for postconviction duties of counsel" is Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), which "sharply limits the requisite duties of postconviction counsel." *Custer*, 2019 IL 123339, ¶ 32. Counsel must certify that she has (1) consulted with the petitioner to ascertain his or her claims of deprivation of constitutional rights, (2) examined the record of the proceedings at trial, and (3) made any necessary amendments to the *pro se* petition for an adequate presentation of petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 37    Counsel need not amend the petition or every claim; counsel may conclude that the claim is already adequately addressed or that a claim is frivolous and undeserving of further amendment. *People v. Greer*, 212 Ill. 2d 192, 205 (2004); *People v. Turner*, 2023 IL App (1st) 191503, ¶ 30. The filing of the Rule 651(c) certificate creates a rebuttable presumption that counsel has performed these duties and thus has provided reasonable assistance. *Custer*, 2019 IL 123339, ¶ 32.

¶ 38    At trial, where the sixth amendment guarantee of effective assistance of counsel is in full

force, our supreme court has provided a specific procedure for convicted defendants to raise a post-trial complaint about trial counsel's performance, something we touched upon above. It is known as a "*Krankel* hearing," at which the defendant may raise complaints about counsel's performance, make a record of matters that might not otherwise be contained in the record, and thus allow the court to make an evidentiary record for appeal. See *Custer*, 2019 IL 123339, ¶ 27; *People v. Ayres*, 2017 IL 120071, ¶ 13; *Krankel*, 102 Ill. 2d at 189.

¶ 39 But our supreme court has chosen not to require such a proceeding, be it a *Krankel* or a "*Krankel*-like" hearing, before the postconviction court. *Custer*, 2019 IL 123339, ¶¶ 33, 46. Among its reasons is that complaints about postconviction counsel are usually narrower in scope, given postconviction counsel's more limited duties. *Id.* ¶ 40. And most notably for our purposes here, the court explained that those complaints will often be directed at strategic decisions by counsel in drafting and amending postconviction petitions, matters for which "the outcome on appeal would be the same both with or without a preliminary *Krankel* hearing." *Id.* ¶ 39.

¶ 40 This case is a perfect example. The claims made here by petitioner in his objection, other than a lack of notarization on the Rule 651(c) certificate, boil down to a complaint that counsel did not amend and prepare the second-stage postconviction petition to his liking. We do not require an evidentiary hearing to review that claim; we routinely review such arguments as questions of law subject to *de novo* review. See, *e.g.*, *People v. Cotto*, 2016 IL 119006, ¶ 24 (whether postconviction counsel provided reasonable assistance is reviewed *de novo*); *Turner*, 2023 IL App (1st) 191503, ¶ 23 (claim that postconviction counsel did not provide reasonable assistance in that he did not "amend and support [petitioner's] claims" was reviewed *de novo*); *People v. Smith*, 2020 IL App (1st) 181220, ¶ 13 ("We review an attorney's compliance with Rule 651(c) *de novo*.").

¶ 41    Examples of decisions include, but by no means are limited to, *People v. Kuehner*, 2015 IL 117695, ¶ 23 (record rebutted presumption of reasonable assistance in postconviction counsel's decision not to advance petitioner's *pro se* claims, as counsel did not explain why claims raised in initial *pro se* petition were frivolous); *People v. Perkins*, 229 Ill. 2d 34, 52 (2007) (record did not reflect that any amendments were necessary for adequate presentation of petitioner's claims and did not rebut presumption of reasonable assistance); *People v. Lyons*, 46 Ill. 2d 172, 174-75 (1970) (record rebutted presumption that counsel provided reasonable assistance in failing to amend initial *pro se* petition); *People v. Blake*, 2022 IL App (2d) 210154, ¶¶ 16-20 (record did not rebut presumption of reasonable assistance, despite counsel abandoning all of defendant's *pro se* claims in amended petition; counsel could have determined that claims were frivolous, and counsel did not argue on appeal that claims were meritorious); *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 33 (record did not reflect that counsel provided unreasonable assistance in declining to amend postconviction petition to include certain argument).

¶ 42    So petitioner needed no hearing of any kind before the postconviction court to complain of postconviction counsel's performance before this court. If petitioner is convinced that postconviction counsel failed to bolster one of his *pro se* claims (or abandoned it altogether), he can (and must) make that case on appeal, on *de novo* review, by doing in his appellate brief what postconviction counsel did not do below—explaining the merits of the dismissed claim to the appellate court. As this court has stated repeatedly, because postconviction counsel is not obligated to advance frivolous claims, " ' "the question of whether the *pro se* allegations had merit is crucial to determining whether counsel acted unreasonably by not filing an amended petition." ' " *Blake*, 2022 IL App (2d) 210154, ¶ 15 (quoting *People v. Gallano*, 2019 IL App

(1st) 160570, ¶ 30, quoting *Profit*, 2012 IL App (1st) 101307, ¶ 23). Obviously, if we were persuaded that one of these *pro se* claims had merit, we would not hesitate to advance that claim to the third stage for an evidentiary hearing.

¶ 43     In other words, *de novo* appellate review is, itself, petitioner's full and fair opportunity to be heard on the question of compliance with Rule 651(c) and postconviction counsel's performance at the second stage. Indeed, one of the puzzling aspects of this appeal is that petitioner makes no attempt to convince us of the merits of his objection to counsel's Rule 651(c) certificate—or more broadly, his complaints about her failure to amend or bolster his *pro se* claims. He does not explain why any of his dismissed claims, had they been dressed up by counsel, stated grounds for postconviction relief. Ironically, then, in the very forum he has been provided to challenge his postconviction counsel's performance, he raises one and only one complaint—that he lacks such a forum.

¶ 44     Petitioner has not established a due process violation. Appellate review of postconviction counsel's performance at the second stage is a more than adequate opportunity to protect his (non-constitutional) right to reasonable assistance of postconviction counsel.

¶ 45                                         CONCLUSION

¶ 46     The judgment of the circuit court is affirmed.

¶ 47     Affirmed.

---

***People v. Nesbitt*, 2023 IL App (1st) 211301**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 05-CR-10248; the Hon. Mary Margaret Brosnahan, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Katherine M. Donahoe, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Paul E. Wojcicki, and Liam F. Reardon, Assistant State's Attorneys, of counsel), for the People. |

---