2026 IL App (1st) 240577-U

No. 1-24-0577

Order filed January 15, 2026

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 10 CR 6792 |
| | ) | |
| JOSE GONZALEZ, | ) | Honorable |
| | ) | William G. Gamboney, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE NAVARRO delivered the judgment of the court.
Justices Lyle and Quish concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant did not receive unreasonable assistance of postconviction counsel at the second stage of postconviction proceedings. Affirmed.

¶ 2    Defendant, Jose Gonzalez, appeals from the second-stage dismissal of his petition filed

pursuant to the Illinois Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2024)).

Gonzalez alleges that his postconviction counsel provided unreasonable assistance where counsel

failed to file any supporting documentation with his amended postconviction petition and failed to

make necessary amendments to adequately present Gonzalez's claims. For the following reasons, we affirm the circuit court's dismissal of Gonzalez's second-stage postconviction petition.

¶ 3                                                    I. BACKGROUND

¶ 4       Gonzalez was charged with multiple counts of first-degree murder for the 2002 shooting death of Francisco Moreno. Gonzalez was apprehended in 2008 in Mexico and extradited back to Chicago in March 2012 to stand trial.

¶ 5                                                    A. Trial

¶ 6       On October 16, 2012, about 24 hours after the jury had begun to hear evidence in the case, the trial judge held an in-chambers meeting, outside of the presence of the jury. The judge noted that during the lunch break, he received a note from a juror, Grace Gorka, stating that she had some experience with gangs in her personal life, where her and her husband had to sell their house at a loss and ultimately went bankrupt. The judge stated that Gorka expressed an extreme fear of gangs and retaliation.

¶ 7       Gorka was then brought into chambers, and she explained that it was "one thing to sit on a jury when it is just a murder trial, but as soon as gangs come into play, that right away takes me back with the experiences we have been through. I am having a very difficult time." Gorka expressed that she could not remove what had happened to her completely and she did not know if it would play into her judgment in the case.

¶ 8       Gorka was asked to leave the chambers, at which point defense counsel stated that Gorka had not answered whether she could be fair or not, but that based on the letter and her demeanor, he did not believe she could be fair to Gonzalez.

¶ 9       Gorka was brought back in and the judge asked when she wrote the note. She stated that she composed the note in the jury room but did not believe anyone saw what she had written. She

was dismissed as a juror. Defense counsel requested the panel to be disqualified because they saw Gorka write the note. The trial judge denied that request.

¶ 10    The following facts are summarized from *People v. Gonzalez*, 2015 IL App (1st) 130372-U, Gonzalez's direct appeal. According to the State, Gonzalez fired two bullets at the victim's vehicle, with the belief that there were rival gang members in the vehicle. *Id*. ¶ 2. One of the bullets traveled through the vehicle and pierced the victim on the left side of his chest. *Id*. Gonzalez claimed that his use of force was justified in self-defense because he believed the vehicle to be a "rammer," a vehicle used by gang members to either run over or commit drive by shootings against rival gang members. *Id*.

¶ 11    Conflicting testimony was presented regarding whether Gonzalez fired the gun while the vehicle was beginning to turn away from the group or whether the vehicle made a complete right turn onto 103rd Street before Gonzalez fired the gun. *Id*. ¶ 11. A group of teenagers that had witnessed the shooting testified that Gonzalez fired the gun after the victim had completed the turn. *Id*. Gonzalez testified that the shots were fired as the vehicle was turning away, but before it had completed its turn. *Id*. Shortly after Gonzalez fired the gun, everyone fled the scene. Gonzalez was unaware that he had shot someone. *Id*.

¶ 12    Following the jury trial, Gonzalez was found guilty of first-degree murder and sentenced to 35 years' imprisonment with an additional 25-year sentencing enhancement for the use of a firearm which resulted in the victim's death. *Id*.

¶ 13    On direct appeal, Gonzalez contended that the trial court committed reversible error when the State was allowed to admit gang-related evidence, there was insufficient evidence to prove him guilty of first-degree murder beyond a reasonable doubt, and that the court committed reversible

error when it overruled Gonzalez's objections to the prosecutor's allegedly inflammatory statements. *Id*. ¶ 3. This court affirmed the judgment of the trial court on direct appeal. *Id*. ¶ 40.

¶ 14                                    B. Postconviction Proceedings

¶ 15    On March 15, 2016, Gonzalez filed a *pro se* postconviction petition, arguing in part that: (1) trial counsel was ineffective for failing to obtain a forensic ballistic expert witness to investigate and reconstruct the crime scene; (2) the trial court abused its discretion by failing to recall the venire panel to ask supplemental questions regarding possible bias resulting from Gorka's letter; (3) the court improperly double enhanced Gonzalez's sentence; (4) the jury was not fairly representative of a cross-section of the community; and (5) appellate counsel was ineffective for failing to discover and present trial counsel's instances of ineffective assistance of counsel. Gonzalez attached his affidavit to the petition, wherein he stated in part that none of the jury members were of Mexican or African American descent.

¶ 16    On August 19, 2016, the court advanced the petition to the second stage, as more than 90 days had passed since Gonzalez filed his petition. See *People v. Harris*, 224 Ill. 2d 115, 129 (2007) (if the petition is not dismissed or otherwise ruled upon within 90 days, it advances to the second stage of postconviction proceedings).

¶ 17    On January 18, 2022, counsel for Gonzalez filed an amended petition. The petition incorporated the allegations from Gonzalez's *pro se* petition but also alleged that appellate counsel was ineffective for failing to present any arguments regarding Gorka's dishonesty and how it tainted the jury selection and the trial process. Counsel attached several documents to the amended petition including several excerpts of trial testimony regarding gang-related evidence, Gonzalez's response to the State's motion to admit gang-related evidence, a transcript of Gorka's *voir dire*,

the letter that Gorka wrote to the trial judge, and the transcript of the discussion that happened in chambers between the judge and Gorka.

¶ 18    On April 20, 2022, postconviction counsel filed a brief in support of the amended postconviction petition, along with an Illinois Supreme Court Rule 651(c) (eff. Jul. 1, 2017) certificate.

¶ 19    On March 30, 2023, the State filed its motion to dismiss the petition. On November 15, 2023, the court granted the State's motion. In a written order, the court first addressed Gonzalez's claim that trial counsel was ineffective for failing to hire an expert ballistics witness. The court noted that Gonzalez argued that a ballistics expert would have shown that the bullets were fired while the vehicle was driving head-on towards him, showing his own state of mind at the time he shot the gun. However, at trial Gonzalez testified that he shot at the vehicle while the vehicle was turning. While the court noted that Gonzalez's claim of what an expert would testify to was unsupported by any reports, documents, or other evidence, it ultimately found that any testimony Gonzalez alleged would be "in contradiction with what petitioner testified to," and that "[b]ecause of this, petitioner has failed to demonstrate deficiency."

¶ 20    As for reopening *voir dire*, the court noted that it was within the trial court's discretion to reopen *voir dire* when faced with potential juror misconduct. The court noted that the trial court inquired as to whether Gorka had shared her fears of gang evidence with the other jurors, to which she replied she did not. The trial court was satisfied that the other jurors were not tainted by the non-disclosure of those fears, and the trial court excused the biased juror. The court found that because "the biased juror was excused and an alternate sworn in her place, [p]etitioner has not demonstrated he was tried by a partial and unfair jury."

¶ 21    As to Gonzalez's double-enhancement argument, the court noted that a sentencing enhancement based on the use of a firearm did not constitute a double enhancement because how a death is caused is not an element of murder. A firearm sentencing enhancement focuses on how the death was caused.

¶ 22    In response to Gonzalez's argument that the jury did not represent a fair cross-section of the community, the court noted that Gonzalez did not offer support for his assertions that Hispanics and African Americans were underrepresented in the jury pool or that underrepresentation was due to systematic exclusions of those groups. Accordingly, it found that Gonzalez failed to establish a *prima facie* violation of the fair-cross-section-of-the-community requirement.

¶ 23    Gonzalez's postconviction counsel filed a motion to reconsider, arguing in part that the court should reconsider its ruling on the propriety of Gonzalez's sentence "in light of the law announced in *People v. Harris*, 2018 IL 121932, and *Miller v. Alabama*, 567 U.S. 460 (2012)."

¶ 24    The court denied Gonzalez's motion to reconsider, and this appeal followed.

¶ 25                                    II. ANALYSIS

¶ 26    On appeal, Gonzalez contends that postconviction counsel provided unreasonable assistance where counsel: (1) filed an amended postconviction petition without any supporting documentation for certain claims; and (2) failed to include a constitutional sentencing issue in the amended petition that was raised for the first time in the motion to reconsider.

¶ 27    Under the Act, a criminal defendant may claim that "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2024). The Act provides a three-stage mechanism for a defendant to advance such a claim. *People v. Custer*, 2019 IL 123339, ¶ 29. At the first stage, the trial court must independently review the petition within 90

days of its filing and determine whether it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2024). If the petition is not summarily dismissed, it must be docketed for further consideration in the second stage. *Id*. Here, the trial court failed to rule on Gonzalez's motion within 90 days, so it was advanced to the second stage. *Harris*, 224 Ill. 2d at 129; *People v. Domagala*, 2013 IL 113688, ¶ 33.

¶ 28    At the second stage, the trial court may appoint counsel to assist an indigent defendant, as was done in this case. 725 ILCS 5/122-4 (West 2024). The defendant bears the burden of making a substantial showing of a constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). Such a showing is made when the petition's well-pled allegations, if proven at an evidentiary hearing, would entitle the defendant to relief. *Domagala,* 2013 IL 113688, ¶ 35. The trial court does not engage in fact-finding or credibility determinations at this stage; rather, all well-pleaded facts not positively rebutted by the original trial record are taken as true. *Id*. We review a circuit court's second-stage dismissal *de novo*. *Pendleton*, 223 Ill. 2d at 473.

¶ 29    In a postconviction proceeding there is no constitutional right to the assistance of counsel. *Custer*, 2019 IL 123339, ¶ 30. Thus, a postconviction petitioner is entitled only to the level of assistance granted by the Act, which has been labeled a "reasonable" level of assistance, which is less than that afforded by the federal and state constitutions. See *Pendleton*, 223 Ill. 2d at 472. Our supreme court has explained that the distinction is rational "because trial counsel plays a different role than counsel in post-conviction proceedings." *People v. Owens*, 139 Ill. 2d 351, 364 (1990). At trial, counsel "acts as a shield" to protect a defendant from being stripped of the presumption of innocence. *Id*. Postconviction petitioners, by contrast, have already been stripped of the presumption of innocence and have generally failed to obtain relief on direct review of their convictions. *Id*. at 365. The petitioner, rather than the State, initiates the proceedings by claiming

that constitutional violations occurred at his trial. *Id.* "Counsel is appointed not to protect postconviction petitioners from the prosecutorial forces of the State but to shape their complaints into the proper legal form and to present those complaints to the court." *People v. Addison*, 2023 IL 127119, ¶ 19.

¶ 30 To ensure postconviction petitioners receive that level of assistance, Rule 651(c) provides in part:

"The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. Jul. 1, 2017).

¶ 31 Postconviction counsel's obligation is to investigate and properly present the claims raised by the petitioner. *People v. Frey*, 2024 IL 128644, ¶ 24. Compliance with the rule is mandatory, but "substantial compliance" is sufficient. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Once postconviction counsel files a Rule 651(c) certificate, as happened in this case, a rebuttable presumption of reasonable assistance arises. *People v. Perkins*, 229 Ill. 2d 34, 50 (2007); *Custer*, 2019 IL 123339, ¶ 32. The defendant bears the burden of overcoming that presumption by showing that postconviction counsel did not substantially comply with the strictures of the rule. *Addison*, 2023 IL 127119, ¶ 21. The defendant may do so by showing that counsel did not make all necessary amendments to the *pro se* petition. *Id.* This includes making amendments that are necessary to

overcome procedural bars. *Id*. Whether postconviction counsel provided reasonable assistance of counsel is reviewed *de novo*. *Addison*, 2023 IL 127119, ¶ 17.

¶ 32                                    A. Supporting Evidence

¶ 33    Gonzalez first contends that postconviction counsel failed to provide supporting evidence for the claims that: (1) the jury was tainted by Gorka's racial animus and that Gonzalez was consequently denied a fair trial; (2) there were no Hispanic jurors; and (3) trial counsel was ineffective for failing to call a ballistics expert to testify at trial. Specifically, Gonzalez alleges that postconviction counsel should have attached affidavits of other jurors to show that they were affected by Gorka, provided evidence regarding the makeup of the community or jury pool, and provided some supporting evidence for Gonzalez's claim that a ballistics expert would have been useful at trial.

¶ 34    Here, postconviction counsel filed a Rule 651(c) certificate, creating a rebuttable presumption that he complied with the rule's requirements that he consulted with Gonzalez about his allegations, examined the trial record, and made any necessary amendments to the petition to adequately present Gonzalez's claims. *Perkins*, 229 Ill. 2d at 50. Postconviction counsel attached several documents to the amended postconviction petition, and incorporated Gonzalez's affidavit from his *pro se* postconviction petition into the amended postconviction petition, in compliance with section 5/122-2 of the Act. 725 ILCS 5/122-2 (West 2024) (the petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached).

¶ 35    There is no requirement that postconviction counsel must amend a defendant's *pro se* petition. *People v. Spreitzer*, 143 Ill. 2d 210, 221 (1991). Counsel need not amend every claim; counsel may conclude that the claim is already adequately addressed or that a claim is frivolous

and undeserving of further amendment. *People v. Nesbitt*, 2023 IL App (1st) 211301, ¶ 37. Our supreme court has held that where there is not a showing that sufficient facts or evidence exists, "inadequate representation certainly will not be found because of an attorney's failure to amend a petition or, when amended, failing to make the petition's allegations factually sufficient to require the granting of relief." *People v. Stovall*, 47 Ill. 2d 42, 46 (1970). "[P]ostconviction counsel is not required to engage in a fishing expedition to find evidence outside of the record that might support the defendant's claim." *People v. Turner*, 2023 IL App (1st) 191503, ¶ 43. Counsel's Rule 651(c) duty to amend the petition if necessary to ensure that a defendant's contentions are adequately presented does "not require counsel to advance frivolous or spurious claims on defendant's behalf." *Pendleton*, 223 Ill. 2d at 472.

¶ 36    We now turn to Gonzalez's first argument, that counsel should have attached affidavits of other jurors to support the claim that Gorka tainted the jury pool with her racial animus. Counsel attached the following documents in support of the claim regarding Gorka: (1) report of proceedings from the in-chambers interview between the trial judge, counsel, and Gorka; (2) the report of proceedings from the *voir dire* of Gorka; and (3) the letter that Gorka wrote to the judge. This constituted sufficient compliance under counsel's Rule 651(c) duties. See Ill. S. Ct. R. 651(c) (eff. Jul. 1, 2017).

¶ 37    Moreover, to the extent Gonzalez claims that affidavits were necessary to the claim, we note that "[w]here a petition is not supported by affidavits or other evidence, a court can ordinarily presume that postconviction counsel made a concerted effort to obtain such things in support of the defendant's claims but was unable to do so." *People v. Turner*, 2023 IL App (1st) 191503, ¶ 44; see also *People v. Johnson*, 154 Ill. 2d 227, 241 (1993) ("In the ordinary case, a trial court ruling upon a motion to dismiss a postconviction petition which is not supported by affidavits or

other documents may reasonably presume that postconviction counsel made a concerted effort to obtain affidavits in support of the postconviction claims, but was unable to do so."). Here, there is nothing in the record rebutting the presumption that postconviction counsel made a concerted effort to obtain affidavits from the jurors from the 2012 trial, in support of this postconviction claim, but was unable to do so.

¶ 38    Next, we address Gonzalez's claim that counsel should have provided evidence regarding the makeup of the jury pool or the community to support his claim that the jury pool did not represent an accurate cross-section of the community. Counsel incorporated and realleged the information contained in Gonzalez's *pro se* postconviction petition, which included Gonzalez's affidavit in which he stated that there were no Hispanic or African American jurors. However, as noted above, postconviction counsel is not required to amend every claim or to advance frivolous or spurious claims. *Pendleton*, 223 Ill. 2d at 472. There is nothing before us or in the record to suggest that the makeup of the jury pool did not represent a fair cross-section of the community, or that the under-representation was due to systematic exclusion in the jury pool. Gonzalez has not made a showing that sufficient facts or evidence of this systematic exclusion existed, and thus we will not find inadequate representation based on counsel's failure to amend the claim or failure to make the claim factually sufficient to require the granting of relief. See *Stovall*, 47 Ill. 2d at 46.

¶ 39    Finally, in response to Gonzalez's argument that postconviction counsel should have provided supporting evidence for Gonzalez's claim that a ballistics expert would have been useful at trial, we again note that Counsel's Rule 651(c) duty to amend the petition if necessary to ensure that a defendant's contentions are adequately presented does "not require counsel to advance frivolous or spurious claims on defendant's behalf." *Pendleton*, 223 Ill. 2d at 472. The circuit court specifically addressed this issue in its written order, stating that Gonzalez's testimony was that he

shot at the vehicle while it was turning. Any ballistics evidence counsel could have introduced at trial that he shot at the vehicle head-on would have contradicted Gonzalez's testimony. Accordingly, we find it was reasonable for postconviction counsel to choose not to further advance the frivolous claim on Gonzalez's behalf.

¶ 40    Gonzalez maintains, relying on *People v. Turner*, 187 Ill. 2d 406 (1999), that postconviction counsel's failure to attach evidentiary support to a petition can rebut the presumption created by the filing of a Rule 651(c) certificate. However, in *Turner*, the postconviction petition was dismissed on waiver grounds at the second stage. *Id*. at 409. The Illinois Supreme Court reversed the dismissal of the petition finding that postconviction counsel had provided unreasonable assistance where counsel had failed to amend the petition to allege ineffective assistance of appellate counsel. *Id*. at 412-13. The court explained that "counsel's failure to amend the postconviction petition to allege ineffective assistance of appellate counsel prevented the circuit court from considering the merits of petitioner's claims and directly contributed to the dismissal of the petition without an evidentiary hearing." *Id*.

¶ 41    Here, there was nothing postconviction counsel did, or failed to do, that prevented the circuit court from considering the merits of Gonzalez's claims. Rather, the circuit court addressed the merits of each of Gonzalez's claims in its order dismissing the postconviction petition. Accordingly, we find that the presumption that counsel provided reasonable assistance, arising from counsel's certification of compliance with duties pursuant to Rule 651(c), was not rebutted.

¶ 42                    B. Proportionate Penalties Clause Claim

¶ 43    Gonzalez claims that postconviction counsel failed to amend the petition to include a proportionate penalties clause claim based on *Miller* and *Harris*, two cases that discuss the implications of life sentences for juveniles and emerging adult offenders. After the court dismissed

Gonzalez's postconviction petition at the second stage, counsel filed a motion to reconsider, wherein he alleged that the circuit court should reconsider its ruling on the propriety of Gonzalez's sentence "in light of the law announced" in *Harris* and *Miller*. As Gonzalez acknowledges in his brief, "[c]ounsel did not elaborate on how *Harris* or *Miller* applied to this ruling, nor did counsel refer to either case in the amended petition or subsequent brief filed in support of the petition." Gonzalez nonetheless claims that counsel's mention of these two cases in his motion to reconsider "suggests that counsel was attempting to make an as-applied proportionate penalties challenge to Gonzalez's 60-year sentence," because he was 21 years old at the time of the offense. Gonzalez argues that this claim should have been included in the amended petition and supported with evidence, and that the failure to do so "violated Rule 651(c)."

¶ 44    However, while postconviction counsel is free to amend a petitioner's petition and add new claims, counsel is under no obligation to do so. *Pendleton*, 223 Ill. 2d at 475-76. Counsel's obligation is limited to adequately presenting and supporting those constitutional claims raised by the petitioner. *People v. Davis*, 156 Ill. 2d 149, 164 (1993). Accordingly, postconviction counsel was under no obligation to add new claims to the amended petition, and therefore we will not find unreasonable assistance of counsel based on counsel's failure to do so.

¶ 45    Moreover, there is nothing in the record to suggest that Gonzalez had a viable defense based on *Miller* and *Harris*, and before this court, Gonzalez does not provide the facts upon which a proportionate penalties clause argument would be based. See *People v. Williams*, 2025 IL 129718, ¶ 46 (there was nothing in the record to demonstrate that the defendant had a viable defense, and the defendant did not suggest that such facts exist or that such a defense could have been alleged; postconviction counsel did not perform unreasonably simply because his arguments were without merit or because he was unable to make the petition's allegations factually sufficient

to require the granting of relief ). If a petitioner is convinced that postconviction counsel failed to bolster a claim, he can make that case on appeal, by doing in his appellate brief what postconviction counsel allegedly failed to do below – explaining the merits of the dismissed claim to the appellate court. *People v. Nesbitt*, 2023 IL App (1st) 211301, ¶ 42. Bare allegations by Gonzalez on appeal that postconviction counsel should have raised a proportionate penalties clause argument in the amended petition, without explaining what attendant circumstances existed, or why the claim had merit, does not rebut the presumption created by counsel's Rule 651(c) certificate that he provided reasonable assistance of counsel.

¶ 46                                    III. CONCLUSION

¶ 47     Postconviction counsel filed a Rule 651(c) certificate, creating a presumption that counsel provided reasonable assistance. Gonzalez did not rebut that presumption and is therefore not entitled to relief.

¶ 48     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 49     Affirmed.